In ENGLISH v. ENGLISH from Pender :

*Excusable Neglect.*

The ruling in *Griel* v. *Vernon*, 65 N. C., 76, in reference to neglect of attorney, approved.

RUFFIN, J.   This is an application for relief under § 133. of C. C. P., and to have set aside a judgment on the ground of surprise.

As found by the judge in the court below, the facts are that plaintiff commenced his action on the 7th of September, 1880 by summons ¨returnable to fall term of Pender superior court of that year, the object of the action being to procure an injunction and have declared void a mortgage, which the plaintiff had given to the assignor of the defendant.

A temporary restraining order, and an order to show cause why an injunction should not issue, were granted, and made returnable at Snow Hill, in Greene county, on the 5th day of October, at which time and place the defendant, though served with notice, failed to attend, and the plaintiffs' attorney of his own accord procured the matter to be adjourned to the ensuing term of Wayne court, when by consent between the attorneys of the parties, it was again adjourned to Pender superior court.

The defendant retained as his attorney, J. D. Stanford, Esq., who together with himself attended Pender court at fall term, 1880.   While there, his said attorney attempted to effect a compromise of the matters in dispute with the plaintiffs' attorney, but failed to accomplish it, and then told the defendant that he might return home as nothing more would be done in the cause at that term, and accordingly he did depart.   Mr. Stanford having marked his name as an attorney for the defendant on the docket, and errone-

32

ously supposing that a practice of the Bar similar to one that prevailed in Duplin court, obtained in Pender, according to which a party, on merely entering an appearance was as a matter of course allowed sixty days to file his answer, left the court at the end of the second day of the term, without filing an answer or putting in any other defence. For want of such defence, judgment was rendered againt the defendant at said fall term, 1880, declaring the deed under which the defendant claims, to be void, and directing the same to be cancelled.

In an affidavit filed in support of his motion, the defendant alleges that he purchased the mortgage, the validity of which is assailed, for a valuable consideration and without any notice of the fraud alleged to have been practiced in procuring its execution, and that he is advised that such facts constitute a meritorious and valid defence to the plaintiff's action.

His Honor directed the judgment to be set aside and from that ruling the plaintiff appealed.

Under the circumstances, it does not seem to us possible seriously to impute negligence to the defendant. Whatever fault there was—and really it appears to have been very slight—must be attributed to the defendant's attorney and not to himself. So that the case falls strictly within the principle established in *Griel* v. *Vernon*, 65 N. C., 76, and *Deal* v. *Palmer*, 68 N. C., 215.

Nor can we give our assent to the proposition that before setting aside the judgment, it was the judge's duty to have ascertained as a fact, whether there existed a meritorious defence to the action, since, that would necessitate a trial by the court, of all the issues involved, and be to anticipate the very purposes of the motion. The affidavit of the defendant sets forth facts which establish a *prima facie* defence, and that is all the law requires.

No error.                                    Affirmed.