## C. C. STALLINGS v. MRS. S. F. SPRUILL.

(Filed 2 October, 1918.)

**Judgments—Excusable Neglect—Principal and Agent—Attorney and Client.**

> Where the defendant in a proceeding to establish the true divisional line between adjoining owners of land is a nonresident of the State, has duly accepted service on the summons in the proceeding, and entrusted the matter to his resident general agent, and it appears that this agent did not employ an attorney, but sent the tenant on the land to attend to the case on the return day of the summons, and this tenant was informed that an answer was required to be filed, the case continued from time to time, and notice given him that judgment would be taken by default if answer should not have been filed by a certain time, and judgment by default was accordingly taken: *Held*, the fact that the tenant did not communicate to the general agent the necessity for filing an answer does not excuse the general agent or the defendant himself from taking the necessary steps in filing the answer, and the judgment may not properly be set aside for excusable neglect.

MOTION to set aside a judgment rendered by the Clerk of the Superior Court of HALIFAX County, heard by *Kerr, J.,* at January Term, 1918, of said county.

The court set aside the judgment upon the ground of excusable neglect. Plaintiff appealed.

*R. C. Dunn and Murray Allen for plaintiff.*
*George C. Green and J. P. Pippen for defendant.*

BROWN, J. This is a processioning proceeding to determine and establish the true division line between the lands of plaintiff and defendant. It was returnable before the clerk 12 December, 1916. The complaint was filed, duly verified, on 4 December, 1916. On return day defendant failed to answer, and the cause was continued from time to time to permit defendant to file answer, and until 29 January, 1917, when the clerk, upon motion of plaintiff, rendered judgment for failure of defendant to file answer.

It appears from the findings of fact that the summons was given to M. C. Braswell, general agent for defendant, who is a resident of New Jersey. Braswell sent summons to defendant, who admitted service in writing on the back and sent it to Braswell, who sent it to R. C. Dunn, plaintiff's attorney.

Braswell did not employ an attorney for defendant, but sent J. B. Laughter, the tenant on the land, to Halifax on 12 December, 1916, the return day of the summons, to attend to the case.

The Court finds further that on the date the clerk informed Laughter that it would be necessary that an answer be filed, and that after the

answer was filed the county surveyor would be sent out to the land to run the respective contentions of the plaintiffs and the defendant, and that thereafter the court would hear and examine the true line; that this fact was communicated to Braswell by Laughter. The action was continued from '12 December until a later date, and Laughter was informed by the clerk that it was necessary for the defendant to file an answer; that on said later date the plaintiffs appeared by their attorney, and Laughter also appeared. No answer having been filed, the action was again continued, and Laughter was informed by the clerk and by plaintiff's attorney that it would be necessary that an answer be filed by the defendant and that as no answer was filed, the cause was again continued, by consent of the plaintiff's attorney, until 29 January, 1917, the attorney notifying Laughter that unless answer was filed by 29 January, 1917, he would move the court for judgment establishing the line between the plaintiffs and the defendant as set out in the petition of the plaintiff. This was not communicated to Braswell by Laughter. The further fact is found that Braswell has for years been attending to the business of Mrs. Spruill in North Carolina, and she expected him to employ an attorney to represent her, and that Braswell would have attended to said matter but for the fact that Laughter incorrectly reported to him what the clerk had said.

This is such a clear case of inexcusable neglect that the learned counsel for defendant are frank enough to say in their brief: "There is no question about the fact that M. C. Braswell, agent of the defendant in this action, has been guilty of neglect, but the defendant contends that this neglect is excusable and not imputable to the defendant in this action. The defendant in New Jersey has been entrusting her affairs to M. C. Braswell for a period of twenty-five years, and he has always promptly and efficiently attended to her affairs, and she has a right in this instance to rely upon the continuation of the same faithful and efficient service which he has always rendered."

They cite no authority for their contention that the negligence of Braswell, a general agent, is not imputable to his principal, the defendant. On contrary, we find it to be settled in this State that the inexcusable neglect of an agent will be imputed to the principal in a proceeding to set aside a judgment by default. *Norwood v. King,* 86 N. C., 80; *Norris v. Insurance Co.,* 131 N. C., 212.

There have been cases where the negligence of attorneys at law has been imputed to the client (*Hardware Co. v. Buhmann,* 159 N. C., 511), but it is not generally so. Where the party to an action employs a reputable attorney and is guilty of no negligence himself, and the attorney fails to appear and answer, the law will excuse the party and afford relief. This is because attorneys are officers of the court and can do for

a client that which the client cannot do for himself. Therefore, the courts sometimes relieve the clients from the consequences of the attorney's negligence. This subject is fully discussed by *Mr. Justice Allen* in the recent case of *Seawell v. Lumber Co.,* 172 N. C., 324, and the authorities cited. But Braswell is not an attorney. He is an extensive planter and business man in the adjoining county of Edgecombe.

It was his duty to employ an attorney to appear and answer for Mrs. Spruill. Instead he sent Laughter, the tenant on the land, to attend to a matter in court requiring the services of an attorney "learned in the law."

The clerk, with consent of plaintiff's counsel, continued the cause repeatedly, notifying Laughter, who was in attendance, to have an answer filed.

It was gross negligence on part of Laughter not to inform Braswell of this, and it was negligence on part of Braswell not to inquire of Laughter or the clerk as to the disposition of case.

The defendant is not herself free from negligence. She admitted service of the summons on 16 November, 1916, and paid no further attention to the case and made no inquiries concerning it until after 29 January, 1917, when judgment by default had been rendered.

We are of opinion the judge erred in setting aside the judgment.

Reversed.