STACY, C. J., dissenting; ADAMS, J., concurs in dissent.
The necessary facts appear in the judgment and findings of fact upon which it is based. Said judgment is as follows:
"The motion of the defendant in the above-entitled cause to have set aside the judgment obtained through mistake, surprise, inadvertence and excusable neglect, coming on to be heard before Hon. J. H. Harwood, judge holding the January Term, 1931, of said Superior Court, and being heard upon the petition of defendant, with exhibits thereto, the affidavit of Henry E. Fisher, and the answer of plaintiff to said petition, the Court finds the following facts, and enters the following judgment, to wit:
(1) That the plaintiff instituted the above cause on 19 September, 1930, and filed his complaint therein; and summons in said action was served on defendant at its office in Mecklenburg County, North Carolina, by the sheriff of Mecklenburg County on 19 September, 1930.
(2) That said defendant promptly employed Henry E. Fisher, a duty licensed, reputable attorney of Charlotte, N.C. to draft and file answer in said cause, and to go to Cherokee County, where said action was pending, and represent the defendant therein; that said defendant gave was to said attorney the facts necessary for drafting answer; that said attorney, in apt time, filed said answer, mailing same to the clerk of said court, and at the same time wrote plaintiff's counsel of the filing of the said answer, as set out in said Fisher's affidavit in this cause; that the defendant inquired of its said attorney if there was anything else it could do in said case, after having given said attorney the names and addresses of its witnesses and said attorney stated that there was nothing else to be done, and that he would notify the defendant when said case should be reached for trial so it could have its witnesses present and make defense to said action; that the defendant relied upon said attorney's advice and did nothing else, as it knew of nothing else it could do.
(3) That said Henry E. Fisher, at said time was, and now is, duly licensed to practice his profession, by authority of the Supreme Court, in the courts of all counties in this State, and after having filed said answer on which his name appeared alone as counsel, he expected or anticipated the clerk would mail him a copy of the court calendar when said cause was placed thereon, as such was the practice, in regard to nonresident lawyers, in Mecklenburg and other counties in which said attorney appeared.
That said case was calendared for trial at the November Term, 1930, of said Superior Court, but was continued, of which defendant and its counsel had no notice; that same was again calendared at the January Term, 1931, without notice whatever to defendant or its counsel, and was tried in his absence as well as that of the defendant *Page 141 
and its witnesses, on the pleadings and evidence offered by plaintiff; that said pleadings, the issues and judgment, set forth as exhibits in defendant's petition, are here referred to and made a part of this judgment.
(4) That neither the defendant nor the defendant's counsel requested of plaintiff, his counsel or of the clerk of said court, copy of calendars which might show said cause for trial, and no inquiry was made by the defendant or its attorney after the filing of the answer.
(5) That within a few days after said action was tried, and upon notice thereof, and of the plaintiff obtaining said judgment, defendant promptly filed its motion to have said judgment vacated and set aside under C. S., 600; that had said defendant, or its counsel, received notice of the calendaring of said action for trial they would have attended and defended said action; defendant's counsel could have been reached by telegraph or telephone and would have attended within a few hours after notice and presented defense to said action.
(6) The court further finds as a fact that the defendant's answer sets out a good and meritorious defense to said action.
The defendant, having employed reputable counsel, duly licensed by the Supreme Court to practice law in all the courts of this State, and having disclosed all the facts necessary to its defense, and said attorney having accepted employment by making an appearance in said cause, and by agreeing with the defendant to go to Cherokee County and represent defendant therein, and no negligence being disclosed on the part of the defendant, but it appearing that defendant had done all that a reasonably prudent-minded person should have done.
Therefore, it is ordered and directed by the court that the judgment entered at the January Term, 1931, in said cause be, and the same is hereby vacated, annulled, and set aside, and a new trial of said action is ordered.
Witness Honorable J. H. Harwood, judge presiding, March-April Term, 1931, of said Superior Court. J. H. HARWOOD, Judge Presiding."
The facts set out in the judgment bring the case squarely within the principles of law announced in Sutherland v. McLean, 199 N.C. 345. The divergent views of the law upon the subject were fully set forth therein, and it is not deemed necessary to beat the same old brush with the same old stick to run out the same old rabbit for another chase.
Affirmed. *Page 142