MRS. GOLIE D. GUNTER v. CURTIS V. DOWDY, HOWARD N. BUTLER AND ROSCOE WILLIAMS.

(Filed 11 October, 1944.)

**1. Judgments § 22b—**

The clerk of the Superior Court has authority, upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from an irregular judgment or one taken against him by mistake, inadvertence, surprise, or excusable neglect; and, on appeal in such cases from the clerk, the judge shall hear and pass upon the matter *de novo*, finding the facts and entering his judgment accordingly. G. S., 1-220.

**2. Judgments § 22e—**

Where plaintiff issued summons and filed complaint, serving both on defendant, who in apt time employed an attorney to make answer and resist the suit, and judgment by default was taken by plaintiff, no answer having been filed in consequence of the illness and death of the wife of defendant's attorney and the prolonged illness of the attorney himself, such circumstances constitute excusable neglect under G. S., 1-220.

**3. Judgments § 22c—**

On motion, within the year, to set aside a judgment by default or excusable neglect, the findings by the court are conclusive when supported by competent evidence.

**4. Judgments § 22e: Attorney and Client § 7—**

Excusable neglect of an attorney, who fails to file an answer for the defendants, may not be attributable to his clients.

APPEAL by plaintiff from *Parker, J.,* at March Term, 1944, of CHATHAM.

This is an appeal by the plaintiff from a judgment of the judge presiding vacating a judgment by default made by the clerk that the plaintiff was the owner of the land described in the complaint.

The plaintiff instituted this action in Chatham County against the defendant and on 8 March, 1943, in the absence of any answer, obtained from the clerk by default a judgment adjudicating her to be the owner of the land described in the complaint, and that any claim of title thereto by the defendants was wrongful and cast a cloud upon plaintiff's title. Subsequently the defendants by proper motion applied to the clerk to have said default judgment vacated on account of excusable neglect, and the clerk allowed said motion and vacated said default judgment on 28 January, 1944; whereupon the plaintiff appealed from the order of the clerk vacating his former default judgment to the judge presiding, who rendered judgment at the March Term, 1944, of Chatham, vacating the former judgment by default entered by the clerk and from

this action of the judge presiding the plaintiff appealed to the Supreme Court, assigning errors.

*K. R. Hoyle for plaintiff, appellant.*
*Walter D. Siler for defendants, appellees.*

SCHENCK, J.   The question posed by this appeal is: Was the clerk authorized to vacate his former judgment by default adjudging the plaintiff to be the owner of the land described in the complaint, and was the judge presiding authorized, on appeal from the clerk, to vacate said judgment by default?   We are of the opinion, and so hold, that both the clerk and the judge presiding were so authorized.

The answer to the question posed lies in G. S., 1-220 (formerly C. S., 600), which reads: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding.   The clerk may hear and pass upon motions to set aside judgments rendered by him, whether for irregularity or under this section, and an appeal from his order on such motion shall lie to the judge at the next term, who shall hear and pass upon such motion *de novo*."

The judge in his judgment found as facts that the appeal was taken from the order of the clerk vacating his former order by default; that the plaintiff caused summons to issue against the defendants, which summons with copies of the complaint were duly served on the defendants; that judgment by default, in the absence of answer, was entered by the clerk adjudging plaintiffs to be the owner of the land described in the complaint; that defendants in apt time employed W. P. Horton, an attorney, to file answer for them and do such other things as were deemed necessary for their defense, and made him aware of their defense to the action, but owing to the illness and death of said attorney's wife and the prolonged illness of the attorney himself no answer was filed; that the defendants have, *prima facie,* a good title to the land involved; that the clerk entered order vacating his former order by default adjudging plaintiff to be the owner of the land involved; that the failure of defendants' attorney, W. P. Horton, to file answer, under the circumstances of this case, constituted excusable neglect.   Since there was supporting evidence of each of the findings of fact of the judge such findings are conclusive.   *Lumber Co. v. Cottingham,* 173 N. C., 323, 92 S. E., 9; *Weil v. Woodard,* 104 N. C., 94, 10 S. E., 129; *Gaylord v. Berry,* 169 N. C., 733, 86 S. E., 623; *Manning v. R. R.,* 122 N. C., 824, 28 S. E.,

963; and *Stith v. Jones,* 119 N. C., 428, 25 S. E., 1022. Since the failure to file an answer was due to the excusable neglect of the attorney employed in apt time by the defendants, and since the defendants made such attorney aware of their defense to the action, any failure or neglect of the attorney to file the answer could not be attributable to the defendants. *Schiele v. Ins. Co.,* 171 N. C., 426, 88 S. E., 764; *English v. English,* 87 N. C., 497; *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269; *Mann v. Hall,* 163 N. C., 50, 79 S. E., 437.

We hold that the judge presiding was authorized to enter the judgment appealed from, and that his conclusion that the failure to file answer was due to excusable neglect of defendants' attorney, and that such neglect was in nowise attributable to the defendants themselves is sustained by the facts found, which findings were supported by competent evidence, and for these reasons the judgment of the judge presiding should be affirmed. It is so ordered.

Affirmed.