SANDY V. CRISSMAN AND FRANKLIN S. CRISSMAN v. GUS PALMER.

(Filed 10 October, 1945.)

**1. Judgments § 22e—**

In an action instituted in 1944 by plaintiffs against defendant to remove a cloud from their title by reason of claim of defendant to an interest therein, based on a conveyance dated 30 June, 1924, the acknowledgment, upon which defendant's deed was admitted to probate and registered, having been taken by a notary public, who certified that his commission expired 27 January, 1924, where the cause was heard, by consent without a jury, and the court gave judgment for plaintiffs, no exception or appeal being taken, and at a subsequent term defendant having moved to vacate the judgment, apparently under G. S., 1-220, on the ground that the commission of the notary who took the acknowledgment did not actually expire until 1925, judgment below denying defendant's motion was proper.

**2. Appeal and Error § 37a—**

The proper way to review an erroneous judgment is by appeal.

**3. Judgments § 22e—**

Surprise at the action of the court does not constitute ground for setting aside a judgment under G. S., 1-220. This statute does not afford relief from a judgment on the ground of mistake of law.

**4. Judgments § 22c—**

Where the judge below denies a motion to set aside a judgment, no findings of fact being stated, there is a presumption that he declined to set aside the judgment on the facts alleged.

**5. Registration §§ 2, 4b: Deeds §§ 7, 8—**

Registration, based on the certificate of a notary whose commission has expired, is invalid. And where the defect in the probate is apparent on the record, the registration does not affect subsequent purchasers and encumbrances. The rule is otherwise when the incapacity of the officer is latent and does not appear upon the record.

**6. Trial § 47: Appeal and Error § 47a—**

Motion, for a new trial on the ground of newly discovered evidence, must be made at trial term, or upon appeal in this Court.

APPEAL by defendant from *Burgwyn, Special Judge,* at July Term, 1945, of LEE. Affirmed.

*J. G. Edwards and K. R. Hoyle for plaintiffs, appellees.*
*J. C. B. Ehringhaus for defendant, appellant.*

DEVIN, J. The defendant appealed from the denial of his motion to set aside the judgment heretofore rendered in the cause.

In support of his motion the defendant alleged that the judgment sought to be vacated was based upon an erroneous conclusion or mistake as to a fact upon which the deed conveying certain mineral rights to the defendant was held inadmissible, and that subsequently discovered evidence had disclosed the truth of the matter and the competency and validity of his deed.

The circumstances pertinent to defendant's motion were these: By deed executed 30 June, 1924, there was conveyed to defendant by Jude Palmer and wife one-half interest in the minerals and mineral rights in and upon a tract of 209 acres of land. The acknowledgment upon which the deed was admitted to probate and registration was taken by a notary public who certified "My commission expires Jan. 27, 1924." Thereafter Jude Palmer and wife executed mortgage on same land, without exception, to Greensboro Joint Stock Land Bank, under which, by foreclosure and *mesne* conveyances, plaintiffs derive their title.

In 1944 plaintiffs instituted action against defendant Gus Palmer to remove cloud from their title by reason of the allegedly unfounded claims of defendant to mineral interests in the described land. Removal of cloud in another respect was prayed, but that is not material to the questions here presented. Plaintiffs alleged, among other things, that there was no legal binding conveyance or legal registration of valid deed for the mineral interests claimed by defendant.

When the case came on for trial it was agreed by the parties that it be submitted to the court without a jury, and thereupon the court found the plaintiffs were owners of the entire mineral interests in the described land, and that defendant had no interest therein, and so adjudged. No exception to this finding or to the judgment was noted, and no appeal was taken.

At a subsequent term of the Superior Court defendant filed motion to vacate the judgment on the ground that the notary public, who took the acknowledgments to the deed to plaintiff in 1924, was in fact duly commissioned as such, and that his commission did not expire until 1925. Defendant offered certificate of the clerk in the Governor's office having charge of issuing notary public commissions that the records in that office so showed. It was alleged that "by reason of said mutual mistake it was a great surprise to this defendant, and was not due to any inadvertence on his part, or to any mistake on his part, and was excusable so far as he is concerned and so far as his counsel was concerned."

Judge Burgwyn, who heard the motion, ordered and adjudged that the motion to set aside the judgment be denied. No facts were found, nor was there any request that he find any facts.

CRISSMAN v. PALMER.

The motion to vacate the judgment appears to have been based on G. S., 1-220. It is so denominated in the brief. However, we think defendant could hardly claim surprise or inadvertence when the deed in question with the notary's certificate thereon had been in his possession approximately twenty years, and the plaintiff in his reply, on file some time before the trial, had specifically denied that there had been a valid registration of the deed under which defendant claimed the mineral interests. The record of the commissioning of notaries was at all times available to the defendant. Nor may the defendant now be heard to complain of an erroneous ruling of the judge as to the admissibility of the deed as evidence. He is precluded by the final judgment to which he did not except and from which he did not appeal. "The proper way to review an erroneous judgment is by appeal." *Cameron v. McDonald,* 216 N. C., 712, 6 S. E. (2d), 497; *Simmons v. Dowd,* 77 N. C., 155. No irregularity in procedure is suggested. Surprise at the action of the court would not constitute ground for setting aside the judgment under G. S., 1-220. *Skinner v. Terry,* 107 N. C., 103. This statute does not afford relief from a judgment on the ground of mistake of law. *Lerch v. McKinne,* 187 N. C., 419, 122 S. E., 9.

The judge below denied defendant's motion without comment. *S. v. Fuller,* 114 N. C., 885, 19 S. E., 797. No findings of fact were stated, but presumably on the facts alleged he declined to set aside the judgment. *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269. It does not appear that this ruling was based on misapprehension of want of power or misconception of any principle of law. *Hudgins v. White,* 65 N. C., 393; *S. v. Casey,* 201 N. C., 620, 161 S. E., 81.

We perceive no substantial ground for reversal of the ruling denying defendant relief under G. S., 1-220.

It is argued that the judgment was based on the court's erroneous view that defendant's deed was inadmissible in evidence, whereas it is contended that the notary's statement as to the expiration of his commission, though required by statute (G. S., 10-7), did not vitiate its registration or prevent it from constituting notice to subsequent purchasers.

That question is not presented by this record. It may be noted, however, that in *Hughes v. Long,* 119 N. C., 52, 25 S. E., 743, it was held that registration based on the certificate of a notary whose commission had expired was invalid, and in *Bank v. Tolbert,* 192 N. C., 126, 133 S. E., 558, it was pointed out that where the defect in the probate was apparent on the record the registration was invalid and did not affect subsequent purchasers and encumbrances. It was stated that the rule was otherwise when the incapacity of the officer was latent and did not appear upon the record, citing *Blanton v. Bostic,* 126 N. C., 418, 35 S. E., 253.

The question of a new trial for newly discovered evidence is not presented by this appeal. To avail the defendant, motion on this ground must have been made at the trial term, or upon appeal in this Court. *Turner v. Davis,* 132 N. C., 187, 43 S. E., 637; *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760; *Fleming v. R. R.,* 168 N. C., 248, 84 S. E., 270; *Lancaster v. Bland,* 168 N. C., 377, 84 S. E., 529; *S. v. Casey,* 201 N. C., 620, 161 S. E., 81; *S. v. Wall,* 205 N. C., 659, 172 S. E., 216; McIntosh, 676.

Nor has the defendant asked for relief on this ground. The only exception noted below was to the signing of the judgment. This presents only the question whether error appears on the face of the record. *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139. Counsel who argued the case for the defendant in this Court did not appear in the trial or hearing below.

The judgment denying defendant's motion on the grounds alleged must be

Affirmed.