MAXINE J. RIERSON v. MRS. C. Y. YORK.

(Filed 5 June, 1947.)

**1. Judgments § 27a—**

Upon a motion to set aside a default judgment, whether the neglect is excusable or not is to be determined with reference to the litigant's neglect and not that of the attorney.

**2. Same—**

Under G. S., 1-220, a judgment may be set aside for excusable neglect irrespective of whether the neglect is induced by mistake of fact.

**3. Same—**

Findings that the neglect of the defendant was due to the incapacity of her lawyer induced by serious illness, that she had used due diligence and that the attorney's neglect should not be imputed to her, and that defend-ant has a meritorious defense, is sufficient to support the court's order setting aside a default judgment under G. S., 1-220.

**4. Appeal and Error § 40m—**

The discretionary power of the trial court to set aside a default judg-ment for mistake, inadvertence, surprise or excusable neglect, G. S., 1-220, is a legal discretion and reviewable.

**5. Same—**

Where, on a motion to set aside a default judgment under G. S., 1-220, the trial court finds facts sufficient to support the conclusion that the litigant's neglect was excusable, objection to the order setting aside the default judgment on the ground that the facts were insufficient to show a mistake of fact, is untenable, the finding of excusable neglect and meritorious defense being sufficient to support the judgment, and the Supreme Court being bound by the findings when supported by evidence.

STACY, C. J., dissents.

PLAINTIFF's appeal from *Clement, J.,* at February Term, 1947, of FORSYTH Superior Court.

*H. Bryce Parker for plaintiff, appellant.*
*P. W. Glidewell, Sr., and H. M. Ratcliff for defendant, appellee.*

SEAWELL, J. The case comes here by appeal of the plaintiff from an order made by Judge Clement setting aside a default judgment in her favor in the above entitled action for the recovery of an automobile from the defendant. The motion to set aside the judgment was made under G. S., 1-220, for excusable neglect.

The plaintiff unsuccessfully resisted the motion before the Clerk of the Court, and appealed. In the Superior Court the trial judge adopted the findings of fact made by the Clerk, and added other pertinent findings.

The court had before it substantially the following situation:

The plaintiff had summons served on the defendant, which was not accompanied by the complaint. The summons contained the usual notice when and where the complaint would be filed.

The defendant immediately employed Mr. Glidewell, a reputable lawyer in good standing, practicing in the court from which the summons issued, to represent her and do whatever was necessary in her defense, giving him the copy of the summons served upon her. Mr. Gildewell undertook the defense, advising her that he would take all necessary steps and would advise her when it became necessary for her to answer. The attorney advised her that the plaintiff could not proceed further until additional papers were served on her and that he would write to the clerk of the Superior Court of Forsyth County and requests the clerk to notify him when the complaint was filed and served on petitioner.

The attorney was taken suddenly and seriously ill shortly thereafter and was unable to attend to the duties of his office, and did not advise his client, the defendant, of the filing of the complaint, or any other step taken in the case until after the judgment by default was taken. Defendant was taken by surprise, learning of the situation first through an execution issued against her upon the default judgment.

The clerk found these facts substantially as stated and further found that defendant, a saleswoman in a Winston-Salem store, was unacquainted with rules of court and court proceedings, and relied implicitly on her attorney to take such steps as might be necessary to protect her in any and all claims of the plaintiff; that she used due diligence, and that the neglect which led to the judgment by default was due to the failure of her counsel to take the necessary steps in her defense. He further found, upon the evidence presented, that the defendant had a meritorious defense.

The same evidence was presented and reviewed in the Superior Court, and the findings of fact made by the clerk were adopted. Additional findings were made, one paragraph bearing on the controversy between the parties as to the fact of ownership.

Briefly, the plaintiff claims that she purchased and owned the car in controversy and that defendant's husband persuaded her to let him have the car in order that he might borrow on it the sum of $200.00 which he badly needed, and that she surrendered the car to him, along with the certificate of title which she signed in blank, for that purpose. The defendant, in her motion and affidavit, says that she was the owner of a Pontiac sedanette in her own right; that her husband represented to her that he had repurchased the car in controversy from the plaintiff under the necessity of providing for the support of his illegitimate children, to which plaintiff had given birth, and that he exchanged the car with defendant for her own, with exchange of title certificate; and that he subsequently informed her that the proceeds of the sale of the sedanette had been delivered to plaintiff.

As to these contentions, Judge Clement further found that the defendant did not know that any fraud had been practiced on plaintiff, if any there had been, and that she, in good faith, surrendered her Pontiac sedanette to her husband "in exchange therefor" and accepted the title certificate, properly endorsed, to the car involved in the litigation.

The court thereupon found that this failure of the defendant to file answer resulted from no negligence on her part but was to the negligence of her attorney, and that his negligence should not be imputed to her. And further, that the defendant had a meritorious defense against the claim asserted by plaintiff. The judgment was set aside.

In considering the propriety of the order entered on the hearing of defendant's motion, we must remember that the excusability of the neglect on which relief is granted is that of the litigant, not that of the attorney. The neglect of the attorney, although inexcusable, may still be cause for relief. *Meece v. Commercial Credit Co.,* 201 N. C., 139, 159 S. E., 17; *Abbitt v. Gregory,* 195 N. C., 203, 141 S. E., 587; *Ice Co. v. R. R.,* 125 N. C., 17, 24, 34 S. E., 100; *Stallings v. Spruill,* 176 N. C., 121, 96 S. E., 890.

The case at bar is distinguishable from the case of *Crissman v. Palmer*, 225 N. C., 472, 35 S. E. (2d), 422; and *Lerch v. McKinne*, 187 N. C., 419, 122 S. E., 9, cited in plaintiff's brief, which in effect hold that the relief given under G. S., 1-220, on the ground of "mistake, inadvertence, surprise or excusable neglect" refers to mistake of fact and not of law, in that it does not appear that defendant's neglect to file answer was wholly due to the impression her attorney was under that further papers were to be served on her before plaintiff could proceed further. There was evidence from which the judge might find, and did find, that the neglect was due to the incapacity of the attorney induced by serious illness. The larger part of the court's jurisdiction under this statute is invoked under "excusable neglect" where there is neither mistake of law nor fact.

In fact, *Crissman v. Palmer, supra,* dealt with a mistake occurring during the course of the trial against which relief could be had only upon appeal or motion for new trial. (Pp. 474, 475.)

The exact conditions on which review may be made of an order granting or denying a motion of this sort under G. S., 1-220, identical with preceding statutes construed in the cited opinions, have never been consistently determined. *Depriest v. Patterson,* 85 N. C., 376. The general principle is that the court having jurisdiction has also discretion. *Bank v. Foote,* 77 N. C., 131, 132. The discretion, however, is held to be a legal discretion and, therefore, reviewable. *Norton v. McLaurin,* 125 N. C., 187, 34 S. E., 269; *Hudgins v. White,* 65 N. C., 393; *Dunn v. Jones,* 195 N. C., 354, 142 S. E., 320.

How far within the bounds of such a discretion the court must keep in order that his judgment may be firmly established is often a question. It is said in *Norton v. McLaurin, supra,* that although the discretion is a legal discretion, it will not be reviewed unless in case of gross abuse. *Cowles v. Cowles,* 121 N. C., 272, 273, 28 S. E., 476. At least we are bound by the findings of fact when they are supported by evidence. *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750. Recognizing that principle, it would be necessary to narrow the factual basis of the Judge's conclusions to meet the view of the appellant and take the case out of the statute. This we are not privileged to do. See *Seawell v. Lumber Co.,* 172 N. C., 320; *English v. English,* 87 N. C., 497.

The order setting the judgment aside must be

Affirmed.

STACY, C. J., dissents.