LOTTIE ELLIOTT GREITZER v. JOHN ALBERT EASTHAM, JR.

(Filed 24 May, 1961.)

**1. Appeal and Error § 49—**

Where movant makes no request that the court find the facts upon his motion to set aside a judgment for surprise and excusable neglect, it will be presumed that the court found facts from the evidence supporting its ruling upon the motion.

**2. Judgments § 22—**

A defendant is not entitled to have a judgment by default set aside in the absence of a showing by him and a finding by the court that his neglect was excusable and that he has a meritorious defense, and in the absence of a finding of excusable neglect, the question of meritorious defense is immaterial.

**3. Same—**

Where defendant promptly reports the accident to the agent of his insurance carrier and thereafter delivers the summons and complaint to the agent, and relies upon the assurance that insurer would look after the matter, defendant makes his insurer and its agent his agents, and their inexcusable neglect to defend the action will be imputed to defendant and preclude his right to have the judgment by default entered in the case set aside.

APPEAL by defendant from *Parker, J.,* November Term 1960 of LENOIR.

This is an action instituted by the plaintiff to recover for personal injuries sustained by her resulting from the alleged negligence of the defendant.

The plaintiff alleges in her complaint that on 22 August 1959, about 12:45 p.m., she was riding as a guest passenger in a 1954 Cadillac automobile being driven by her husband, Albert Greitzer, in an easterly direction on Highway No. 70 toward the City of Kinston; that as the automobile approached the intersection of said highway with the railroad tracks of the Atlantic & East Carolina Railway Company, about one-half mile west of the corporate limits of Kinston, the operator of the automobile observed a line of westbound automobiles stopped in the northern lane of the highway on the east side of the tracks, and a locomotive whistle was heard; that the driver decreased the speed of his automobile and stopped in the right lane of traffic immediately west of the tracks. The complaint further alleges that the defendant while driving his station wagon in an easterly direction approached the automobile in which plaintiff was riding from the rear and drove his station wagon into the automobile, in which plaintiff was riding, seriously injuring her.

On 29 October 1958, L. R. Cayton, agent for the Westchester Fire Insurance Company, wrote on behalf of said company an automobile liability policy, No. FCA 404078, and issued it to the defendant covering his 1956 Nash station wagon.

On 24 August 1959, the defendant reported the accident involved herein to L. R. Cayton, the agent of his insurer; that Cayton advised the defendant that he, Cayton, would report the accident to the company. Later, insurance adjusters were requested to investigate the matter and one of the adjusters, John L. Hassell, conferred with the defendant about the accident and obtained from him a statement concerning the same. These adjusters contacted and discussed the case with plaintiff's attorneys.

On 23 March 1960, the plaintiff through her counsel instituted this action and filed a complaint. On 24 March 1960, the defendant was personally served with summons and complaint. On 26 March 1960, the defendant carried the copy of the summons and the complaint which had been served on him to Cayton's office; that Cayton took the papers and then handed them back to defendant and said "the company would look after it and not to worry."

On 17 August 1960, judgment by default and inquiry was entered against the defendant by the Assistant Clerk of the Superior Court of Lenoir County on motion of the plaintiff. Thereafter, on 12 September 1960, the action was heard on the issue of damages. The jury returned a verdict in favor of the plaintiff in the sum of $12,514.94.

The defendant knew nothing about the trial until he saw a report of it in the local paper to the effect that the plaintiff had obtained judgment against him in the above amount. The defendant again went to the office of Cayton and was informed by him that he knew nothing about it.

Thereafter, on 19 September 1960, the Casualty Claims Manager of Westchester Fire Insurance Company instructed its adjusters to employ counsel. Counsel was employed and the defendant was requested by Cayton on 20 September 1960 to bring the summons and complaint to his office, which request was complied with promptly. On 21 October 1960, the defendant filed a motion in the Superior Court of Lenoir County to set aside the judgment of default and inquiry and of default final for mistake, inadvertence, surprise and excusable neglect on the part of the defendant.

It is stated in the defendant's motion to set aside the judgments referred to hereinabove, that before entering Highway No. 70, about 1,000 feet west of the railroad crossing, he saw the Cadillac automobile pass, headed towards Kinston. After the automobile passed, the defendant entered the highway and followed the Cadillac at a distance

of several hundred feet; that as he approached the railroad crossing a railroad shifting engine was in the Willis Hines Lumber Yard, which is a considerable distance west of the highway crossing; that the engine was not attempting to approach the crossing and the signal lights at the highway crossing were not operating. "That defendant noticed the rear red lights on the Cadillac, as if the operator were slowly applying brakes to slow down. That at the same time he heard a whistle blow on the shifting engine which was still in the lumber yard. That at said time he was following several car-lengths behind the Cadillac. That he applied his brakes and was slowing down, when suddenly and without any warning to him the Cadillac stopped. That he applied his brakes to come to a complete stop and his car skidded about 5 feet. That he was unable to stop completely and as a result the front of his car hit the rear bumper of the Cadillac with a relatively slight blow."

On the hearing below, the court considered the complaint, defendant's motion and affidavits, and the argument of counsel, and held that the defendant had failed to show "mistake, inadvertence, surprise or excusable neglect," and had further failed to show a meritorious defense. Therefore, the court in the exercise of its discretion refused to set aside the judgments theretofore entered.

The defendant appeals, assigning error.

*White & Aycock for plaintiff.*
*Whitaker & Jeffress for defendant.*

DENNY, J.   The decisions on the subject now before us are not entirely satisfactory with respect to their consistency. In fact, many of them are irreconcilable. *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662.

In the instant case, the court below was not requested to find the facts. Therefore, it will be presumed that the court declined to set aside the judgments on the facts as alleged in the complaint, the motion of the defendant and the affidavits filed in support thereof. *Crissman v. Palmer,* 225 N.C. 472, 35 S.E. 2d 422.

In the case of *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287, *Stacy, C.J.,* speaking for the Court, said: "This is an appeal from a refusal to set aside a judgment by default final on the ground of 'mistake, inadvertence, surprise or excusable neglect,' under C.S. 600 (now G.S. 1-220). The judge, not being requested to do so, found no facts upon which he based his ruling. *Carter v. Rountree,* 109 N.C. 29 (13 S.E. 716). In the absence of such finding, it is presumed that the judge, upon proper evidence, found facts sufficient to support his judg-

ment. *McLeod v. Gooch*, 162 N.C. 122 (78 S.E. 4). Hence, there is nothing for us to review. *Osborn v. Leach*, 133 N.C. 428 (45 S.E. 783). 'We do not consider affidavits for the purpose of finding facts ourselves in motions of this sort.' *Gardiner v. May*, 172 N.C. 192 (89 S.E. 955). It would have been error for the judge not to have found the facts, had he been requested to do so. *McLeod v. Gooch, supra.*"

A defendant is not entitled to have a judgment by default set aside in the absence of a showing by him and a finding by the court that his neglect was excusable and that he had a meritorious defense to plaintiff's cause of action. *Wilson v. Chandler*, 238 N.C. 401, 78 S.E. 2d 155; *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849; *Perkins v. Sykes*, 233 N.C. 147, 63 S.E. 2d 133; *Whitaker v. Raines*, 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury*, 225 N.C. 208, 34 S.E. 2d 67.

In the absence of a showing of excusable neglect, the question as to whether or not the defendant has a meritorious defense becomes immaterial. *Stephens v. Childers, supra; Pate v. Hospital*, 234 N.C. 637, 68 S.E. 2d 288; *Hanford v. McSwain*, 230 N.C. 229, 53 S.E. 2d 84; *Craver v. Spaugh*, 226 N.C. 450, 38 S.E. 2d 525.

In the case of *Stephens v. Childers, supra,* summons and a verified complaint were duly served upon the defendant on 31 January 1952. The day following service of suit papers upon the defendant notice thereof was given by telephone to his liability insurer's agent in Hickory, North Carolina. In the telephone conversation the insurance agent requested that the suit papers be forwarded to him by mail, and this was done the next day, 2 February. The insurance agent, under date of 4 February, forwarded the papers by mail to the Resident Adjuster of the defendant's liability insurance carrier, at his office in Charlotte. The Resident Adjuster contacted the defendant and assured him that the insurance company would undertake the defense of the litigation and would take all necessary steps to employ counsel and protect the interest of the defendant, and that it would not be necessary for the defendant to employ legal counsel. Counsel was employed, but not until after a default judgment had been obtained. This Court said: "All the evidence tends to show that the insurance company assumed the responsibility of defending the action for the defendant with his full knowledge and consent, under circumstances which constituted the insurance company the agent of the defendant for the purpose of employing counsel and arranging for the defense of the action. On this record the negligence of the insurance company was inexcusable and clearly imputable to the defendant.

"The rule is established with us that ordinarily the inexcusable neglect of a responsible agent will be imputed to the principal in a pro-

BULLARD *v.* OIL CO.

ceeding to set aside a judgment by default. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890."

In the case of *Faircloth v. Insurance Co.,* 253 N.C. 522, 117 S.E. 2d 404, it is stated: "This Court said in *Ins. Co. v. Grady,* 185 N.C. 348, 117 S.E. 289: 'Another principle recognized in this jurisdiction and pertinent to the inquiry is that, in the absence of fraud or collusion between the insured and the agent, the knowledge of the agent when acting within the scope of the powers entrusted to him will be imputed to the company, though a direct stipulation to the contrary appears in the policy or the application for the same.' "

In the present case, the defendant promptly reported the accident to the agent of his insurance carrier, and was assured that the company would look after it. When the summons and complaint were served on the defendant he took them and delivered them to the agent, and the agent handed them back to the defendant and again informed him that the company would look after the matter.

Under the decision in *Stephens v. Childers, supra,* the defendant made the insurance company and its agent his agents, to look after and defend the action, and their negligence was imputable to the defendant.

The failure of the agent of the defendant's liability insurance carrier in the present case to take the suit papers when they were deliverd to him in his office and to take such steps as might be necessary to a proper defense of the action, was inexcusable.

On the record before us, in our opinion, the ruling of the court below must be upheld.

Affirmed.