LILLIAN RUTH McCLAIN v. ALEXANDER HALEY.

(Filed 22 November, 1961.)

APPEAL by plaintiff from Fountain, Special Judge, February Special Civil Term 1961 of CABARRUS.

This is a civil action instituted by the plaintiff against the defendant, in Iredell County, North Carolina, to recover for personal injuries and property damages allegedly sustained in a collision between an automobile owned and operated by the plaintiff and an automobile owned and operated by the defendant, in the City of Kannapolis, North Carolina, on 19 December 1958. Summons was issued and served on the defendant on 13 October 1959. Thereafter, counsel for defendant and his insurance carrier moved for a change of venue. Plaintiff's counsel consented to the change and on 19 December 1959 an order was entered transferring the case to Cabarrus County.

On 27 January 1961 a judgment by default and inquiry was entered by the Clerk of the Superior Court of Cabarrus County and the case was transferred to the Civil Issue Docket and calendared for trial the week of 8 February 1961.

The attorney for defendant, upon receiving a copy of the calendar of the Superior Court of Cabarrus County for the week of 8 February 1961, prepared an answer which was duly verified and filed on 4 February 1961. Defendant's counsel was notified from the office of plaintiff's attorney on 6 February 1961 that a default judgment had been taken on 27 January 1961.

Motion was made to set aside said judgment on the ground of inadvertence, oversight, and excusable neglect on the part of the defendant's counsel. The court heard the motion and found facts to the effect that neither the defendant nor his insurance carrier had been guilty of negligence; that the negligence of the defendant's attorney

was excusable; and that the defendant has a meritorius defense to the action. The court set aside the default judgment.

Plaintiff appeals, assigning error.

*Ann Llewellyn McKenzie for plaintiff.*
*John H. Small for defendant.*

PER CURIAM. The negligence of an attorney, although inexcusable, if not imputable to the litigant may still be cause for relief. *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902.

In the hearing below, the court found that neither the defendant nor his insurance carrier had been guilty of negligence; that the negligence of defendant's counsel was excusable; and that the defendant has a meritorious defense to the action.

The judgment of the court below is

Affirmed.