RUFUS MACON BROWN v. EDWIN HOYLE HALE, GEORGE KELLEY JOHNSON, AND JOSEPH G. BANKS, T/A BANKS USED CARS.

(Filed 22 May 1963.)

**Judgments § 22—   Neglect of attorney ordinarily will not be imputed to the client.**

Where defendants, served with summons and complaint, deliver the suit papers together with information concerning matters relating to their defense to their insurer, and the insurer forwards the papers to attorneys selected by it who are reputable attorneys duly licensed to practice in the State, the neglect of the attorneys to file answer within the time limited because of the confusion incident to hospitalization in the family of the attorney to whom the suit had been assigned, will not be imputed to the defendants, and the allowance of defendant's motion under G.S. 1-220 to set aside default judgment upon appropriate findings, including the finding of a meritorious defense, will not be disturbed on appeal.

APPEAL by plaintiff from *Riddle, Special Judge,* 7 November Term 1962 of GUILFORD (Greensboro Division).

This action was instituted in the Superior Court of Guilford County, North Carolina, on 9 August 1962 by the plaintiff against the de-

fendants, trading as Banks Used Cars, to recover damages for personal injuries sustained in an automobile collision which occurred on Interstate Highway No. 85, in Orange County, North Carolina, near the Durham County line, on 13 March 1962.

The pertinent facts found by the court below which are essential to the disposition of this case are summarily stated as follows:

1. The summons and complaint were duly served on the defendants on 11 August 1962.

2. Promptly upon receipt of said summons and complaint the defendants caused the summons and complaint to be delivered to their automobile liability insurance carrier for defense of the action in accordance with the terms of the insurance policy, and they also furnished to their liability insurance carrier statements of witnesses and other information concerning matters involved constituting their defense to the action.

3. Promptly thereafter the summons and complaint, together with the additional information furnished by the defendants, were forwarded by the insurance carrier to the law firm of Ruark, Young, Moore & Henderson, Raleigh, North Carolina, for the purpose of defending said action on behalf of the defendants.

4. The law firm retained for the defense of this action is composed of attorneys licensed to practice in this State, and said law firm is a reputable, skilled and competent firm and is composed of attorneys experienced in handling and defending automobile accident litigation.

5. The defendants acted with reasonable prudence in forwarding the suit papers to their insurance carrier for assignment to counsel for the defense of the action. Likewise, the insurance carrier acted with reasonable prudence in selecting attorneys and forwarding suit papers and other information to the selected attorneys.

6. The suit papers were received by the attorneys on 24 August 1962 and the defense of this action was assigned to Joseph C. Moore of the firm of Ruark, Young, Moore & Henderson. On 28 August 1962 he requested the Clerk of the Superior Court of Guilford County to advise the date of service of the summons and complaint as this information was not shown on the copies served on the defendants.

7. Defendants' attorneys, by copy of a letter to the Clerk of the Superior Court of Guilford County, informed the insurance carrier that they had received the summons and complaint and were attending to the defense of the action.

8. Soon after undertaking the defense of this action Mr. Moore's wife entered Rex Hospital, Raleigh, North Carolina, for delivery of a

baby, which was Mr. Moore's fifth child. Mr. Moore was unable to employ a nurse to take care of his four other children, the new baby and his wife upon their return from the hospital, and it was necessary for him to take on this responsibility as well as his legal duties. Due to conditions in the home of Mr. Moore, he turned the defense of this action over to an associate in the firm of Ruark, Young, Moore & Henderson.

9. The statutory time for answering expired on 10 September 1962.

10. The associate neglected to file answer or any pleading within the statutory time.

11. Attorneys for defendants did mail to the Clerk of the Superior Court of Guilford County a motion, dated 7 September 1962, to remove this action to another county pursuant to G.S. 1-83.

12. The motion to remove was not received by the aforesaid Clerk until 11 September 1962. At approximately 11:30 a.m. on 11 September 1962 the plaintiff, through his attorney, took a judgment by default and inquiry before the Clerk of the Superior Court of Guilford County.

13. The failure to file answer or other pleading in apt time was at least in part occasioned by the confusion at defendants' attorneys' office due to the circumstances occasioned by Mr. Moore's wife's hospitalization.

14. Within a few hours after taking of the default judgment, defendants' attorneys telephoned plaintiff's attorney and requested that he withdraw the default judgment and permit answer to be filed, but plaintiff's attorney refused the request.

15. On 17 September 1962 the defendants filed in the Superior Court of Guilford County a motion to set aside the judgment by default and inquiry pursuant to G.S. 1-220 and attached a verified answer to the complaint, both of which are now of record in the Superior Court.

16. The plaintiff was not prejudiced or harmed in any manner whatsoever on the merits of his case by the short delay in the filing of defendants' answer.

17. The defendants acted with reasonable and ordinary prudence in relying on their attorneys to protect their interests and to see that answer or other pleading was filed within the time allowed, and further cooperated with the attorneys and furnished complete information, through their agent, for the preparation of answer and defenses, and had reason to expect that their interests were being protected and that all steps necessary to the defense of the action, including the filing of the answer, were being taken by their attorneys.

Upon the foregoing facts the court concluded that the facts and allegations of the defendants could justify a finding of no negligence on the part of the defendants, or that the plaintiff was himself contributorily negligent, and, therefore, the court concluded that the defendants have and have asserted a meritorious defense to plaintiff's alleged cause of action.

The court further found that the judgment by default and inquiry was taken because answer or other pleading was not filed within the time allowed, and was taken solely by reason of the neglect of defendants' attorneys; that there was no dereliction or neglect on the part of the defendants and that the neglect of their attorneys is not imputable to them; and that there has been excusable neglect on the part of the defendants within the meaning of G.S. 1-220.

Therefore, the Court entered judgment, vacating and setting aside the judgment entered by default and injuiry on 11 September 1962, and ordered the answer of the defendants theretofore attached to defendants' motion to be filed as the answer of the defendants in this cause.

The plaintiff appeals, assigning error.

*Frazier & Frazier, H. Vernon Hart, W. P. Pearce for plaintiff appellant.*

*Holding, Harris, Poe & Cheshire; Smith, Moore, Smith, Schell & Hunter for defendant appellees.*

DENNY, C.J. The determinative question before us is whether or not the neglect of defendants' attorneys in failing to file answer within the time allowed, in light of the facts and circumstances disclosed by the record, is imputable to these defendants.

What duty does the law impose upon a defendant in a civil action with respect to filing answer or other pleading?

The decisions on the subject now before us are not entirely satisfactory with respect to their consistency. In fact, many of them are irreconcilable. *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662. However, the general rule seems to be that where a defendant employs reputable counsel and is guilty of no neglect himself, and the attorney fails to appear and answer, the law will excuse the defendant and afford relief. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890; *Gunter v. Dowdy,* 224 N.C. 522, 31 S.E. 2d 524; *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507.

In the case of *Gunter v. Dowdy, supra,* the Court said: "Since the failure to file an answer was due to the excusable neglect of the at-

torney employed in apt time by the defendants, and since the defendants made such attorney aware of their defense to the action, any failure or neglect of the attorney to file the answer could not be attributable to the defendants. *Schiele v. Ins. Co.*, 171 N.C. 426, 88 S.E. 764; *English v. English*, 87 N.C. 497; *Norton v. McLaurin*, 125 N.C. 185, 34 S.E. 269; *Mann v. Hall*, 163 N.C. 50, 79 S.E. 437."

In *Rierson v. York, supra*, this Court said: "In considering the propriety of the order entered on the hearing of defendant's motion, we must remember that the excusability of the neglect on which relief is granted is that of the litigant, not that of the attorney. The neglect of the attorney, although inexcusable, may still be cause for relief. *Meece v. Commercial Credit Co.*, 201 N.C. 139, 159 S.E. 17; *Abbitt v. Gregory*, 195 N.C. 203, 141 S.E. 587; *Ice Co. v. Railroad*, 125 N.C. 17, 24, 34 S.E. 100; *Stallings v. Spruill*, 176 N.C. 121, 96 S.E. 890."

In *Moore v. Deal, supra, Parker, J.*, speaking for the Court, said: "We held as far back as 1871 in *Griel v. Vernon*, 65 N.C. 76, that an attorney's neglect to file a plea is a surprise on the client whose failure to examine the record to ascertain that it has been filed is an excusable neglect. * * *

"When an attorney is licensed to practice in a state it is a solemn declaration that he is possessed of character and sufficient legal learning to justify a person to employ him as a lawyer. He is an officer of the court which should hold him to strict accountability for his negligence or misdeeds, if he commits such. The client is not supposed to know the technical steps of a lawsuit. 'Where he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is excusable on the part of the client, who may reasonably rely upon the counsel's doing what may be necessary on his behalf.' * * * "

The cases of *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849; *Greitzer v. Eastham*, 254 N.C. 752, 119 S.E. 2d 884; *Jones v. Ice & Fuel Co.*, 259 N.C. 206, ...... S.E. 2d ......, and similar cases, where the rule has been laid down to the effect, "that ordinarily the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default," are factually distinguishable from those in the instant case. No counsel was employed in any one of the above cited cases until after judgment by default and inquiry had been obtained.

It clearly appears in the instant case that competent counsel was employed in apt time and that the defendants through their responsible agent, their insurance carrier, had furnished all the information necessary for counsel to file answer and set up their defenses to the action.

Nothing more was required of them. *Moore v. Deal, supra; Jones v. Ice & Fuel Co., supra.*

We hold that the defendants had the right to rely on the counsel selected by their insurance carrier to file answer within the time allowed and to represent them in the defense of the action. Moreover, the essential findings of fact upon which the judgment below was based, in our opinion, were supported by competent evidence. The judgment of the court below will be upheld.

Affirmed.