GLENN I. HODGE v. FIRST ATLANTIC CORPORATION
No. 6910SC362

(Filed 22 October 1969)

1. Judgments § 34— motion to set aside default judgment — conclusiveness of findings

Findings of fact by the trial court upon the hearing of a motion to set aside a judgment under G.S. 1-220 are conclusive on appeal when supported by any competent evidence.

**2. Judgments § 24— setting aside default judgment — excusable neglect**

The exceptional relief of G.S. 1-220 to set aside a judgment for mistake, inadvertence, surprise or excusable neglect will not be granted where there is inexcusable neglect on the part of the litigant.

**3. Judgments § 25— setting aside default judgment — excusable neglect — failure to file answer — employment of counsel**

Where a defendant has employed reputable counsel and has turned the matter over to such counsel, neglect of the attorney in failing to file answer will not ordinarily be imputed to defendant, provided defendant has not also been negligent in failing to give his defense that attention which a man of ordinary prudence usually gives his important business.

**4. Judgments § 25— excusable neglect — knowledge that attorney is unable to conduct case**

When a party knows or is chargeable with notice that his attorney will be unable to conduct his case on account of the attorney's departure from the state, extended serious illness, mental incompetency or death, the litigant's inaction will amount to inexcusable neglect.

**5. Judgments § 25— excusable neglect — failure of attorney to file answer — imputation to defendant**

In this hearing on defendant's motion to set aside a default judgment, the trial court properly found that negligence of defendant's attorney in failing to file answer was not imputable to defendant where defendant had employed counsel in apt time and had furnished counsel with all information necessary to file answer.

**6. Judgments § 25— excusable neglect — test of client's negligence**

While a client has the duty to protect himself from the negligence of his attorney, the test of negligence of the client is whether he acted as a man of ordinary prudence while engaged in transacting important business and does not require a set pattern of contacts with and inquiries of his counsel.

**7. Judgments §§ 29, 34— meritorious defense — necessity for specific findings**

On motion to set aside a default judgment, where the trial court found that defendant had asserted a meritorious defense, specific findings on this point were not necessary.

APPEAL by plaintiff from *McKinnon, J.,* at the 24 February 1969 Regular Civil Session of WAKE Superior Court.

Plaintiff instituted this civil action on 9 February 1968. After adverse examination, the filing and service of the complaint, and the filings and determinations of two separate motions to strike matter from the complaint, an order was entered on 13 November 1968 granting the last of the motions to strike and allowing defendant to and including 12 December 1968 to file answer to the complaint as modified.

Defendant First Atlantic Corporation did not answer, demur or otherwise respond to the complaint by 12 December 1968, and on 13 December 1968, judgment by default and inquiry in favor of the plaintiff was entered against defendant by the clerk of superior court. The defendant moved to set this judgment aside under G.S. 1-220, and a hearing was held on the motion. Plaintiff appeals from the order setting aside the judgment.

*John V. Hunter, III, for plaintiff appellant.*

*Allen, Steed & Pullen by Arch T. Allen, III, and Thomas W. Steed, Jr., for defendant appellee.*

BRITT, J.

The question presented by this appeal is: Did the trial court err in setting aside the default judgment because of excusable neglect? Our answer is no.

In *Brown v. Hale,* 259 N.C. 480, 130 S.E. 2d 868, in an opinion by Denny, C.J., it is said:

"What duty does the law impose upon a defendant in a civil action with respect to filing answer or other pleading?

The decisions on the subject now before us are not entirely satisfactory with respect to their consistency. In fact, many of them are irreconcilable. *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662. However, the general rule seems to be that where a defendant employs reputable counsel and is guilty of no neglect himself, and the attorney fails to appear and answer, the law will excuse the defendant and afford relief. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890; *Gunter v. Dowdy,* 224 N.C. 522, 31 S.E. 2d 524; *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507."

[1] Fully supported by affidavits introduced at the hearing, the trial court found:

"* * * [T]hat the defendant First Atlantic Corporation, in defense of this cause, employed competent counsel in apt time, that said defendant furnished counsel all the information necessary for counsel to file an Answer and set up defenses to the action, that the judgment by default and inquiry was taken because no Answer was filed within the time allowed, that the judgment by default and inquiry was taken solely by reason of the neglect of defendant's attorneys, that there was no dereliction or neglect on the part of defendant and the neglect of its

attorneys is not imputable to it; that there has been excusable neglect on the part of the defendant within the meaning of G.S. 1-220, and that the defendant has and has asserted a meritorious defense in this cause;

·   *   *   *"

The findings of fact by the trial court upon the hearing of a motion to set aside a judgment under G.S. 1-220 are conclusive on appeal when supported by any competent evidence. *Moore v. Deal, supra.*

[2]   The exceptional relief of G.S. 1-220 to set aside a judgment for mistake, inadvertence, surprise, or excusable neglect will not be granted where there is inexcusable neglect on the part of the litigant. "A lawsuit is a serious matter. He who is a party to a case in court 'must give it that attention which a prudent man gives to his important business.' [citations]" *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906. "When a man has a case in court the best thing he can do is to attend to it. If he neglects to do so he cannot complain because the other party attended to his side of the matter." *Pepper v. Clegg, supra.* Thus, a defendant's leaving the complaint against him with an unknown person whom defendant thought to represent his insurer, *Ellison v. White,* 3 N.C. App. 235, 164 S.E. 2d 511, or with his wife, *Jones v. Fuel Co.,* 259 N.C. 206, 130 S.E. 2d 324, is not excusable neglect.

The necessity that litigation must ordinarily be conducted by counsel, *Gaster v. Goodwin,* 259 N.C. 676, 131 S.E. 2d 363, raises the problem of agency and the possible imputation of inexcusable neglect to the principal so as to bar relief under G.S. 1-220. North Carolina at an early date recognized the distinction between the negligence of the litigant and that of his attorney and ruled that the negligence of the attorney — whether excusable or gross — would not be imputed to the litigant. *Griel v. Vernon,* 65 N.C. 76. The rule of nonimputation is a departure from the general agency doctrine which holds the principal responsible for the acts of his agent. 26 N.C.L.R. 84. The attorney is no mere agent; "[t]he attorney is an officer of the court, and acts under its direction and control, and the client employs him, because of his learning and skill, to do something he cannot do for himself * * *." *Schiele v. Insurance Co.,* 171 N.C. 426, 88 S.E. 764. "When an attorney is licensed to practice in a state it is a solemn declaration that he is possessed of character and sufficient legal learning to justify a person to employ him as a lawyer." *Moore v. Deal, supra.*

[3]   Our Supreme Court has held in many cases that a defendant who has employed reputable counsel and has turned the matter over

to counsel has the right to rely on that counsel to file an answer within the time allowed; and, if the attorney fails to appear and answer, the law will excuse the defendant and afford relief. *Brown v. Hale, supra; Moore v. Deal, supra*

Numerous exceptions to this rule have arisen where the party has obtained counsel who has been neglectful but, in addition, the client also has been neglectful; that is, he has failed to give his defense "that attention which a man of ordinary prudence usually gives his important business." 5 Strong, N.C. Index 2d, Judgments, § 25, p. 46; *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403. The nonimputation rule will not apply where the client is himself in default; rather, the neglect of the attorney will then be imputed to the client so as to bar relief under G.S. 1-220.

**[4]** In such cases it has been held that "the mere employment of counsel is not enough," that the client "may not abandon his case on employment of counsel, and when he has a case in court he must attend to it." *Meir v. Walton, supra*. When a party knows or is chargeable with notice that his attorney will be unable to conduct his case on account of the attorney's departure from the state, extended serious illness, mental incompetency, or death, the litigant's inaction will amount to inexcusable neglect. *Gaster v. Goodwin, supra,* and cases cited therein.

In *Meir v. Walton, supra,* the defendants failed to execute the deed required by a boundary line arbitration agreement entered into 21 April 1966, and a temporary restraining order was granted 21 November 1967. Plaintiffs agreed to an extension of time to 20 December 1967 to file an answer. The parties discussed the possibility of a settlement and verbally agreed the answer would not be due until such possibilities had been explored. On 5 March 1968, plaintiffs' attorney, in a letter addressed to defendants' attorney, demanded an acceptance or rejection of the settlement proposal. Defendants' counsel then sent a photocopy of the letter to the defendants and urged "very strongly that the original offer of compromise settlement should be accepted." Defendants' counsel's letter further stated: "We had previously agreed in conference * * * to this offer of compromise settlement. Also, I do not believe that we have any reasonable chance of upsetting the arbitration contract or the resulting arbitration * * *. Since you agreed to the compromise proposal * * * which was basically accepted by them, I do not feel that we can represent you further in the event of litigation. * * *" Defendants turned the case over to a new attorney on 13 March 1968. Default judgment was entered for failure to answer on

28 April 1968. Defendants did not communicate with the new attorney in any way after 13 March; they heard nothing from the new attorney until on or about 2 May 1968 when that attorney advised defendants by letter that he would not represent them.

This Court held that where defendant had been dealing with the matter for almost two years, had been defending the action for six months, was apprised of the demand to settle or answer, chose not to settle, obtained a new attorney to proceed with the litigation, "and thereafter made no inquiry as to whether anything had been done, the neglect of the attorney is imputable to him, and he has shown no excusable neglect."

[5]    The case at bar is free of the complicating factors which removed *Meir v. Walton, supra,* from the operation of the general rule of nonimputation. Here, we have a purely procedural matter of filing a pleading, and "[t]he client is not supposed to know the technical steps of a lawsuit." *Moore v. Deal, supra.* There was no need for the attorney to await instructions from the client. There was no change of legal horses in midstream. Furthermore, defendant had furnished counsel with all information necessary for the answer.

Plaintiff contends that the trial court omitted to make findings of fact essential to the legal conclusion of excusable neglect. Plaintiff assigns as error the trial court's order finding as true but dismissing as irrelevant certain requested findings of fact, particularly that "[t]here is no evidence before the Court that the defendant, at any time since the commencement of this action, and prior to the entry of judgment, contacted or had any communications with any of its counsel with respect to the case, or otherwise attended to the case or attempted to keep itself informed as to the proceedings, or made any inquiry of its counsel as to whether anything had been done by them."

[6]    While there have been numerous cases expressing the duty of the client to protect himself from the negligence of his attorney, the test of the negligence of the client is whether he acted as a man of ordinary prudence while engaged in transacting important business and does not require a set pattern of contacts and inquiries. In the case at bar, defendant's reliance on counsel to file a timely answer suggests no such inattention or default as might make such a suggested finding of fact relevant and essential.

[7]    In his order, Judge McKinnon found that defendant had as-

serted a meritorious defense. Specific findings on this point were not necessary. *Godwin v. Brickhouse,* 220 N.C. 40, 16 S.E. 2d 403.

The order appealed from is

Affirmed.

BROCK and VAUGHN, JJ., concur.