BETTY LOUISE MILKS, by her Next Friend, LLOYD E. MILKS, JR v. CLARK'S GREENSBORO, INC. and M. W. BAILEY.

(Filed 11 December 1963.)

**Judgments § 22—**

Evidence that the individual defendant relied upon assurances by the corporate defendant and that the corporate defendant relied on its insurance agent and insurance carrier, who failed to forward the papers to an attorney until after a default judgment had been taken, *held* not to establish excusable neglect, since ordinarily the neglect of a responsible agent will be imputed to the principal.

APPEAL by defendants from *Shaw, J.,* Regular March 4, 1963, Session of ROCKINGHAM.

Action to recover damages for alleged malicious prosecution and false arrest, heard below on defendants' motion under G.S. 1-220 to set aside a judgment by default and inquiry on the ground of mistake, inadvertance, surprise and excusable neglect. Judge Shaw's order, based on findings of fact and conclusions of law to the effect defendants' neglect was inexcusable, denied defendants' said motion. Defendants excepted and appealed.

*Scott, Folger, Ellington & Webster and Jordan, Wright, Henson & Nichols for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter for defendant appellants.*

PER CURIAM. The essential facts, according to the court's unchallenged findings, may be summarized as follows:

The summons and complaint were duly served on each defendant on November 13, 1962. No answer, demurrer or other pleading having been filed by either defendant, judgment by default and inquiry was entered December 19, 1962, by the Clerk of the Superior Court of Rockingham County.

The copy of summons and complaint served on the corporate defendant was mailed November 13, 1962, by its Greensboro manager to the company's "New York office." The said Greensboro manager assured the individual defendant that the case would be handled in his behalf by the corporate defendant's insurance carrier or attorneys. In New York, the suit papers were delivered by the corporate defendant to Jay B. Rappaport, Inc., the corporate defendant's insurance agent, which mailed them to Trans-World Excess, Inc. South American Managers, Inc., received the suit papers from Trans-World Excess, Inc., on November 20, 1962. The suit papers were not received by attorneys until December 20, 1962, the day after the judgment by default and inquiry had been entered.

The court found that defendants have a meritorious defense. However, "(i)n the absence of a showing of excusable neglect, the question as to whether or not the defendant has a meritorious defense becomes immaterial." *Greitzer v. Eastham*, 254 N.C. 752, 755, 119 S.E. 2d 884, and cases cited.

The gist of the findings of fact is that the corporate defendant relied on its insurance agent and insurance carrier and that the individual defendant relied upon assurances by the corporate defendant that its insurance carrier or attorneys would act in apt time in his behalf. The finding that defendants' neglect is inexcusable is based on the fact that the defense of the action was not placed in the hands of any attorney by either defendant or by anyone acting in behalf of either defendant until after the judgment by default and inquiry had been entered. The factual situation is quite different from that considered in *Brown v. Hale*, 259 N.C. 480, 130 S.E. 2d 868.

"The rule is established with us that ordinarily the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default." *Stephens v. Childers*, 236 N.C. 348, 351, 72 S.E. 2d 849, and cases cited; *Greitzer v. Eastham, supra; Jones v. Fuel Co.*, 259 N.C. 206, 209, 130 S.E. 2d 324.

It is noted that *Abernethy v. Nichols*, 249 N.C. 70, 105 S.E. 2d 211, and the decisions on which it is based, relate to a factual situation quite different from that under consideration on this appeal.

Under our decisions, the facts set forth in the court's findings do not establish excusable neglect. Hence, the order denying defendants' motion must be and is affirmed.

Affirmed.