MRS. GUSSIE ZUM v. CHARLIE FORD.

(Filed 10 July 1968.)

1. **Appeal and Error § 57; Judgments § 34—**

   The trial court's findings on a motion to set aside a judgment by default and inquiry are conclusive on appeal if supported by competent evidence.

2. **Judgments § 25—Findings held sufficient to support order setting aside judgment by default and inquiry.**

   On motion to set aside a judgment against defendant by default and inquiry, findings by the court that the day after being served with summons and complaint defendant took the suit papers to an attorney who had represented him in an action arising out of this same accident against the driver of the automobile in which plaintiff was a passenger, that the prior action was settled in defendant's favor, that the attorney agreed to represent defendant and to protect his interests in the present action, that the attorney immediately mailed the suit papers to defendant's liability insurer, and that the papers were never received by the insurer but were lost in the mail, *are held* sufficient to support the court's conclusions that any neglect of the attorney is not imputed to defendant and that defendant has a meritorious defense, which in turn support the court's order setting aside the judgment.

APPEAL by plaintiff from *Carr, J.,* 15 January 1968 Session ROBESON County Superior Court.

Plaintiff instituted this action on 21 July 1967 in Robeson County Superior Court to recover damages for personal injury allegedly inflicted upon her by the negligent operation of a motor vehicle by the defendant on 2 March 1965.

The summons and copy of the complaint were served on the defendant 26 July 1967. On 27 July 1967 the defendant took the summons and copy of complaint to Mr. F. L. Adams, Attorney at Law, Rowland, North Carolina, and discussed the matter with him. Mr. Adams, along with Mr. Robert Weinstein, Attorney at Law,

Lumberton, North Carolina, had previously represented the defendant in another action growing out of the same automobile collision. Mr. Adams took the suit papers to Mr. Weinstein's office where they discussed the case and decided to forward the summons and complaint to defendant's liability insurance carrier. On 27 July 1967 Mr. Adams forwarded the summons and complaint along with a cover letter to defendant's liability carrier, Grain Dealers Mutual Insurance Company, P. O. Box 6625, Greensboro, North Carolina, 27405. No answer or other pleading was filed on behalf of defendant.

On 30 August 1967 a judgment by default and inquiry was entered against the defendant by the Assistant Clerk of Superior Court. On 9 October 1967 the issue of damages was submitted to and answered by a jury in the sum of $7,500.00; and judgment was entered thereon by McKinnon, J., awarding the plaintiff the sum of $7,500.00 and court costs.

On 10 October 1967 counsel for plaintiff wrote a letter to Grain Dealers Mutual Insurance Company, defendant's liability carrier, making demand for payment of the judgment. Thereafter defendant filed a motion under G.S. 1-220 to set aside the judgment by default and inquiry, and the verdict and judgment upon the inquiry, upon the grounds that they were entered against him through mistake, inadvertence, surprise, and excusable neglect, and because defendant had a meritorious defense to the action.

The motion was heard upon affidavits, testimony, and argument of counsel. From Judge Carr's Order vacating the judgments, plaintiff appeals assigning as error the findings of fact and conclusions of law.

*W. Earl Britt for plaintiff appellant.*
*Smith, Moore, Smith, Schell and Hunter by McNeil Smith for defendant appellee.*

BROCK, J. The decisive findings of fact by Judge Carr are as follows:

"The automobile accident out of which this suit arises occurred on March 2, 1965. The plaintiff was riding with her husband, Charles Zum, in an automobile headed south on U. S. Highway 301 and ran into the rear of the defendant's car which was headed south in the lane next to the median, about to make a left turn. The defendant thereafter employed Mr. F. L. Adams, a reputable attorney who maintains an office for the practice of law in Rowland, Robeson County, North Carolina, where the defendant works and lives, to make a claim for the

defendant and his wife against Charles Zum, the operator of the other car. Mr. Adams associated for the purpose of bringing suit Mr. Robert Weinstein, a reputable member of the Bar with an office in Lumberton, the County seat of Robeson County, and on August 23, 1965 Mr. Weinstein filed separate suits in this Court against Charles Zum on behalf of Charlie Ford and his wife, Lucy Ford, to recover for personal injuries and property damage arising out of the accident of March 2, 1965. Service upon Charles Zum was obtained and thereafter Charles Zum was represented in these actions by John W. Campbell, an attorney at the Robeson County Bar with an office in Lumberton. No answers were ever filed by the defendant Zum in these suits, but after negotiations and in March, 1967 these two suits were settled by a payment of $350.00 to Charlie Ford and his wife, Lucy Ford, and they executed a release of their claims arising out of this accident. From time to time and on at least four occasions during the negotiations Mr. F. L. Adams consulted with Charlie Ford and his wife, as their attorney, and he supervised and witnessed the execution of the release in his law office and as attorney for Charlie Ford.

"In connection with this suit, the defendant brought the suit papers to Mr. Adams in Mr. Adams' capacity as an attorney at law and Mr. Adams, who had represented him as his attorney in his claims arising out of this same accident, undertook to represent him and protect his interest in this action as his attorney.

"Mr. Adams held himself out to the public as an attorney at law. He has been a licensed attorney in North Carolina since 1935 and has practiced law in Rowland, North Carolina, since that time. He has also in the intervening years operated an insurance agency, writing, among other things, automobile liability insurance and Grain Dealers Mutual Insurance Company is a company for whom he has written automobile liability insurance policies, including a policy issued some time prior to March 2, 1965 to Charlie Ford, the defendant in this case. There is no sign on Mr. Adams' office relating to the insurance agency.

"Mr. Adams agreed to represent him and to protect his interests. Mr. Adams was informed of the facts constituting his defense. Mr. Adams did take the summons and complaint to Lumberton and did go over the summons and complaint with Mr. Robert Weinstein and did on July 27, 1967 mail the sum-

mons and complaint in an envelope with the name and address: 'Grain Dealers Mutual Insurance Company, P. O. Box 6625, Greensboro, North Carolina, 27405,' on the envelope. This was the same way in which Mr. Adams had previously sent papers to Grain Dealers Mutual Insurance Company, using the same type of envelope with the same name and address upon it. It was not customary for the company to send any acknowledgement to Mr. Adams. On no previous occasion had papers mailed this way been lost.

"The copy of the summons and complaint which were mailed from Rowland, North Carolina, on July 27, 1967 to the Grain Dealers Mutual Insurance Company, Box 6625, Greensboro, North Carolina, was not received by any employee of said company empowered to act thereon and must be presumed to be lost in the United States mail or otherwise before reaching such employee. Grain Dealers Mutual Insurance Company has made a diligent search of its office at Greensboro and also of its home office at Indianapolis, Indiana, and neither the summons nor complaint could be found. Furthermore Grain Dealers Mutual Insurance Company had maintained a file in connection with this accident of March 2, 1965 and had in that file the above mentioned correspondence with Mr. Harry Fractenberg, attorney for Mrs. Gussie Zum, in April and May, 1965, but had heard nothing further from anyone about any claims of Mrs. Zum or of Charles Zum until receipt of a letter from the plaintiff's attorney dated October 10, 1967 to the effect that a default judgment had been entered in this case in the amount of $7,500.00. The plaintiff's attorney was immediately contacted and the motion to set aside the default judgment was thereafter promptly made."

Each of the foregoing findings is supported by competent evidence in the Record. The trial court's findings of fact are conclusive upon appeal, if such findings are supported by any competent evidence. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223.

Judge Carr, *inter alia,* concluded as follows:

"The defendant, Charlie Ford, did all that reasonably could have been expected of him to do in the circumstances. He was served on July 26 and on the next day, July 27, he took the suit papers to Mr. F. L. Adams, the lawyer in Rowland where he lived and the lawyer who had represented him in connection with his claims and the claims of his wife arising out of this accident. He asked Mr. Adams what he should do and delivered

the summons and complaint to Mr. Adams and he relied upon Mr. Adams to protect his interest as his attorney. Under all the facts and circumstances he was justified in relying upon Mr. Adams to do what was necessary to take care of the matter. If there was any neglect on the part of Mr. Adams under the circumstances, either in not answering or not getting an extension of time or otherwise, such neglect, if any, under the circumstances is not imputable to the defendant.

"Mr. Adams under the circumstances may have acted in a dual capacity, not only as attorney for the defendant, but also as an agent of Grain Dealers Mutual Insurance Company. However, he was not dilatory in his handling of the suit papers, putting them in the United States mails on the very same day that he received them, addressed in the customary way and to the customary name and address of the insurer. To the extent that there was any neglect of the defendant, through Mr. Adams, this was excusable.

"The matter is one for trial and determination by a jury where the parties have an opportunity to appear and have their day in Court.

"The defendant in this action, Charlie Ford, has a meritorious defense to the present action brought by Mrs. Gussie Zum against him."

Judge Carr's conclusions are supported by facts found, and his conclusions support his Order vacating the judgments. No abuse of discretion appears.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.