20895

James F. SKELTON, Appellant, v. B. C. SKELTON, Charles F. Skelton and Minnie Skelton, Respondents.

(252 S. E. (2d) 571)

*Charles W. Whiten, Jr.,* Anderson, *for appellant.*

*Christopher G. Olson,* of *Olson & Fields,* Clemson, *for respondents.*

February 23, 1979.

LITTLEJOHN, Justice:

We are called upon to determine whether the demand of an heir of James Arthur Skelton to prove his will in due form was timely.

On May 2, 1977, the last will and testament of James Arthur Skelton was admitted to probate in common form in Pickens County. On November 3, 1977, James F. Skelton, an heir, filed his petition in the probate court, praying that the executors of the will be required to prove it in due form of law.

Both the probate judge and the special circuit judge, to whom the probate court ruling was appealed, held that the demand came too late. We agree.

Section 21-7-640, *Code of Laws of South Carolina* (1976), reads in pertinent part as follows:

Probate in common form shall be good unless some person interested to invalidate any such paper as a will shall give notice to the judge of probate within six months next after such probate . . . that he doth require it to be proved in due form of law, . . . .

Section 15-1-20 provides:

The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded. [Sunday is not involved in this case.]

Construing these two statutes together, we conclude, as did the lower court, that November 2, 1977, was the last day on which notice to prove the will in due form could have been filed. Accordingly, the order of the lower court is

Affirmed.

LEWIS, C. J., RHODES and GREGORY, JJ., and JOSEPH R. MOSS, Acting J., concur.