KATHY SUE BOYD AND THE FORSYTH COUNTY DEPARTMENT OF
SOCIAL SERVICES v. LARRY WAYNE MARSH

No. 7921DC1129

(Filed 1 July 1980)

1. **Rules of Civil Procedure § 60.2– party served with summons – attention required**

   A party served with a summons must give the matter the attention which a person of ordinary prudence gives to his important business, and failure to do so is not excusable neglect under G.S. 1A-1, Rule 60 (b)(1).

2. **Rules of Civil Procedure § 60.2– failure to file answer – no excusable neglect**

   Defendant's failure to file an answer in a paternity and child support action was not the result of excusable neglect where defendant had a ninth grade education and could read and write; defendant had employed attorneys in other matters; and defendant testified he failed to file answer because he did not believe he could be subject to orders of paternity and child support more than seven years after the child was born.

APPEAL by plaintiffs from *Tash, Judge.* Order entered 18 July 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 15 May 1980.

Plaintiff Boyd brings this action to have defendant adjudged the father of her minor child and to require him to provide child support. Pursuant to G.S. 110-135, plaintiff Department of Social Services seeks to have defendant declared the "responsible parent" who must reimburse the State for public assistance paid to the child. Defendant did not answer and plaintiffs moved for default, showing by affidavit that personal service was made upon defendant. Entry of default was made, and paternity and child support default judgments were entered against defendant.

Defendant moved under Rule 60 to set aside these judgments. At the hearing on the motion defendant testified that in the seven years between the child's birth and the institution of this action plaintiff Boyd had never asked him for child support. He is not the father of the child, though plaintiff has said that he is. He did not file an answer to plaintiffs' complaint "because I didn't understand the whole thing and I didn't see how there

was any Court to uphold something like that so long after a child was born and since the child's birth certificate was blank where it says 'father.' ... I didn't see any proof whatsoever that I could possibly be the father." On cross-examination defendant testified that when the Department of Social Services contacted him about child support he told them to take the case to court and let a judge decide who was the father. He had previously employed attorneys in other matters.

The trial court concluded that defendant had a meritorious defense (the three-year statute of limitations set out by G.S. 49-14 (c)(1)) and that "defendant's failure to file answer was due to excusable neglect resulting from his limited education and surprise that he could be subject to orders of paternity and child support when no demands therefor had been made for approximately seven years." The court ordered the default judgments set aside, and plaintiffs appeal.

*Bruce E. Colvin for plaintiff appellants.*

*White & Crumpler, by Edward L. Powell, for defendant appellee.*

ARNOLD, Judge.

[1, 2] It is well-established that a party served with a summons must give the matter the attention which a person of ordinary prudence gives to his important business, and failure to do so is not excusable neglect under G.S. 1A-1, Rule 60(b)(1). *See Ellison v. White*, 3 N.C. App. 235, 164 S.E. 2d 511 (1968); *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403 (1968) and cases cited therein. In the instant case the facts do not support the court's conclusion that defendant's failure to answer was excusable. Defendant has a ninth grade education and can read and write. He previously has employed attorneys in other matters. The fact that in the present situation he did not believe plaintiffs could prevail does not excuse his failure to file an answer and pursue his defense. Nor does the fact that in his motion he set out a meritorious defense justify the setting aside of the default judgment, since in the absence of a showing of excusable neglect, the ques-

tion of meritorious defense becomes immaterial. *Meir v. Walton, supra.*

The court's order setting aside the default judgment is

Reversed.

Judges MARTIN (Robert M.) and WELLS concur.