In re Donald Ray SIMMONS & Melba Diane Simmons, Debtors.

Donald Ray SIMMONS and Melba Diane Simmons, Plaintiffs,

v.

PEOPLES BANK OF DANVILLE, Defendant.

Bankruptcy No. 682–00695–D.
Adv. No. 682–0374.

United States Bankruptcy Court,
W.D. Virginia,
Danville Division.

Feb. 18, 1983.

of the makers, guarantors, endorsers and any other parties to this note ... the following collateral has been deposited with and is hereby pledged to the holder thereof.

The instrument then goes on to describe the collateral as a 1974 Chevrolet Malibu.

In May of 1981 the Debtors overdrew their checking account. The overdrawn status of the Debtors' checking account continued until October of 1981 when the Bank decided to close the account. When the Debtors paid off their note in June of 1982, they were advised by the Bank of their continuing lien for the overdrafts, which sum the Debtors agreed to pay off by monthly installments. The Debtors have never attempted to cure their overdrawn status with the Bank. The Bank has refused to return title to the Chevrolet claiming they have a continuing lien on such vehicle as a result of the Debtors' overdrafts.

On September 3, 1982, the Debtors filed their joint petition for relief under Chapter 7 of the Bankruptcy Code. On October 12, 1982, the Debtors filed a Complaint to avoid the Bank's lien on the Chevrolet in that it impaired an exemption to which the Debtors were entitled pursuant to 11 U.S.C. § 522(b) and Section 34–4 of the Code of Virginia.

Section 522(b) of the Code entitles a Debtor to choose the exemptions enumerated in subsection (d) of § 522, or to choose the exemptions provided for by Federal nonbankruptcy law and State and local law which is applicable. The same statute also gives each state the option of limiting the debtor's choice. The Virginia Legislature responded to the availability of this option by enacting § 34–3.1 of the Code of Virginia which opted Virginia out of the federal exemptions and in effect denied Virginia Debtors the right to choose the § 522(d) exemptions. By the wording of § 34–3.1, it is clear that Title 34 of the Virginia Code is the applicable law with regard to exemptions permitted under Section 522 of the Bankruptcy Code.

Section 34–4 of the Code of Virginia provides that:

Lewis E. Goodman, Jr., Danville, Va., for plaintiffs.

J. William Clement, Danville, Va., for defendant.

Stephen G. Bass, Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

On October 10, 1979, Donald and Melba Simmons (Debtors) obtained a loan from Peoples Bank of Danville (Bank). As part of this transaction the Debtors executed a Security Agreement which stated in pertinent part that:

As collateral security for the payment of this note and any other liability, contingent or otherwise (including overdrafts)

Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34–26, 34–27 and 34–29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding five thousand dollars. The word "debt," as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort. (Code 1919, § 6531; 1918, p. 487; 1975, c. 466; 1977, c. 496; 1978, c. 231.)

It is axiomatic that the Debtors must be entitled to the exemptions claimed; a bare claim of exemption unfounded in law will not suffice. *In re Ragsdale,* 9 B.R. 991, 992 (Bkrtcy.W.D.Va.1981). Clearly a lien upon the title to a motor vehicle is superior to any claimed exemption of a homestead deed. *In re Epperly,* 4 B.R. 124, 127 (Bkrtcy.W.D.Va.1980) the critical question here, therefore, is whether or not the Bank has a valid lien on the title of the 1974 Chevrolet Malibu.

 It has been widely accepted that a bank has a general lien upon all the securities of a customer or depositor which may be in the bank's possession, unless such securities have been delivered to the bank under an agreement limiting their application. *Bank of the Metropolis v. New England Bank,* 42 U.S. 234, 11 L.Ed. 115 (1843). Additionally, the Debtors in the present case gave the Bank, by express agreement, a lien against the title to the Chevrolet for "any liability, contingent or otherwise (including overdrafts)". As a general principle, one who accepts a written agreement or contract is presumed to know and assent to its contents. In addition, it is hornbook law that one who accepts a written contract, either by signing it or by other means, will normally be bound by its terms and ignorance or misunderstanding of the terms will not ordinarily affect the liability of such person under the contract. *In re*

*Abingdon Realty Corp.,* 18 B.R. 571, 573 (Bkrtcy.E.D.Va.1982).

Applying the above authorities to the facts in the present case, it is clear to the Court that the Debtors are bound by the Agreement executed between them and the Bank which gave the Bank a valid lien on the vehicle in question. There is no evidence, nor has there been any suggestion, or misrepresentation as to the contents of the Security Agreement. In addition, the Agreement executed by both the Debtors and the Bank is clear and unambiguous as to its terms.

For the foregoing reason, it is the opinion of the Court that the Bank's position is sustained and the Complaint filed by the Debtors to avoid and cancel the lien in question be dismissed.