STATE OF NORTH CAROLINA, DAN MILES, IV-D AGENT, EX REL. v. LARRY DONNELL MITCHELL

No. 826DC1067

(Filed 20 September 1983)

**Rules of Civil Procedure § 60.2— denial of motion to set aside entry of default and default judgment—proper**

The trial court's denial of defendant's motion to set aside entry of default and default judgment pursuant to Rule 60(b) was proper where defendant failed to show either excusable neglect or a meritorious defense. The fact that defendant believed a 1980 dismissal of criminal charges in a bastardy action meant that "the matter was over with" did not excuse his failure to respond to the subsequent summons and complaint.

APPEAL by defendant from *Williford, Judge*. Order entered 21 July 1982 in District Court, HERTFORD County. Heard in the Court of Appeals 30 August 1983.

In 1978, defendant was charged with willful nonsupport of an illegitimate child. The defendant was represented by counsel in this criminal matter, and the charges were dismissed in February of 1980 in Superior Court of Hertford County.

On 7 April 1982, the State filed a complaint, seeking to have defendant adjudged the father of the child, to establish his support obligations, and to recover AFDC funds paid by the State for support of the child. Defendant was personally served with the complaint on 14 April 1982. Defendant failed to file an answer or

otherwise respond to the summons and complaint. Default judgment was entered on 19 May 1982.

On 29 June 1982, defendant, through counsel, filed a motion pursuant to Rule 55 to have entry of default and judgment by default set aside. The motion was incorrectly designated, but the trial court, in its discretion, treated the motion as a Rule 60(b) motion. At the hearing on the motion, the defendant's evidence consisted of testimony that the criminal action for bastardy had been dismissed in 1980. The defendant's motion was not verified and defendant did not testify at the hearing. The trial court found that defendant had failed to make a showing of excusable neglect and did not have a meritorious defense so as to allow the court to set aside the default judgment. From the order denying defendant's motion to set aside entry of default and default judgment, defendant appeals.

*Gillam, Gillam and Smith, by Lloyd C. Smith, Jr., and Roswald B. Daly, Jr., for plaintiff-appellee.*

*Carter W. Jones by Carter W. Jones, Kevin M. Leahy, and Charles A. Moore, for defendant-appellant.*

EAGLES, Judge.

The defendant assigns as error the trial court's denial of his motion to set aside entry of default and default judgment. To prevail on a Rule 60(b) motion, the burden is on the movant to show that his neglect in failing to answer or otherwise appear was excusable and that he has a meritorious defense to the action of the plaintiff. *Menache v. Atlantic Coast Management Corp.*, 43 N.C. App. 733, 260 S.E. 2d 100 (1979), *cert. denied* 299 N.C. 331, 265 S.E. 2d 396 (1980). We find no error in the trial judge's determination that the defendant did not show excusable neglect or a meritorious defense.

The facts support the trial judge's conclusion that there was no excusable neglect in the instant case. It is clear from the record that the summons and complaint were personally served on defendant. The trial judge found that defendant was under no disability and, in fact, had retained counsel to represent him in other matters. The fact that defendant believed that the 1980 dismissal of criminal charges in the bastardy action meant that

"the matter was over with" does not excuse his failure to respond to the subsequent summons and complaint. This court has found that a party served with a summons must give it the "attention which a person of ordinary prudence gives to his important business, and failure to do so is not excusable neglect under G.S. 1A-1, Rule 60(b)(1)." *Boyd v. Marsh*, 47 N.C. App. 491, 492, 267 S.E. 2d 394, 395 (1980). This defendant failed to show that he gave the summons and complaint the attention that an important business matter deserves and failed to show why he could not do so. Total disregard of a summons and complaint which were personally served is not the action of a person of ordinary prudence and thus is not excusable neglect, no matter what that person's belief is concerning the propriety of the summons and complaint.

Where there is excusable neglect, there must then be a showing of prima facie meritorious defense to the complaint in order for the movant to prevail in a motion to set aside entry of default and default judgment. *Wynnewood v. Soderquist*, 27 N.C. App. 611, 615, 219 S.E. 2d 787, 790 (1975). The trial court, while concluding that defendant failed to make a showing of excusable neglect, also made a finding that defendant did not present a meritorious defense. Defendant's motion to set aside entry of default and default judgment presents the 1980 dismissal of the criminal charges and the statute of limitations in G.S. 49-14 as defenses. Defendant's belief that dismissal of the criminal charges meant that "the matter was over with" is not a basis on which to excuse a defendant for ignoring a summons and complaint. The statute of limitations defense must also fail. This court has held G.S. 49-14 unconstitutional when applied to civil paternity actions. *Cogdell v. Johnson*, 46 N.C. App. 182, 264 S.E. 2d 816 (1980). Thus, there was no meritorious defense presented.

The trial court's order denying defendant's motion to set aside entry of default and default judgment is

Affirmed.

Judges ARNOLD and WELLS concur.