UNITED STATES of America, Plaintiff,

v.

William Early SCOTT and Jacqueline Coleman Scott, Defendants.

Civ. No. C–83–373–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Feb. 22, 1984.

Richard L. Robertson, Asst. U.S. Atty., Greensboro, N.C., David R. Gray, Small Business Admin., Charlotte, N.C., for plaintiff.

John C.W. Gardner, Mount Airy, N.C., for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on appeal from an order of The Honorable James B. Wolfe, Jr., holding that the debtor/appellees were entitled to claim their property exemptions in bankruptcy despite having previously waived them under applicable state law. After a hearing and consideration of the briefs filed by the parties, this court will reverse Judge Wolfe's order and rule that the Debtors have lost their exemptions.[1]

### Factual Statement

The salient facts may be stated briefly. Debtors were guarantors of a loan to Burton Dodge made through the guaranteed loan program of the Small Business Administration (the "SBA"). Upon Burton's default, the SBA paid the balance of the loan to the local lender and received an assignment of the note and guarantees. On July 26, 1982, the SBA obtained a default judgment against the debtors and began proceedings to enforce its judgment. On August 23, 1982, the government filed a motion for the setting of exempt property and for judgment debtor examination pursuant to N.C.Gen.Stat. § 1C–1603 (Cum.Supp. 1981).[2] On August 24, 1982, Magistrate

---

**1.** It is important to note what is *not* before the court at this time. Any failure to assert exemptions may be relieved if made "by reason of mistake, surprise or excusable neglect, to the extent that the rights of innocent third parties are not affected." N.C.Gen.Stat. § 1C–1601(c)(3). Defendants have not had occasion to raise this issue on appeal since their bankruptcy exemptions were allowed by the bankruptcy court and no findings of fact were made by that court on the quality of the waiver. This court does not express an opinion whether the waiver herein was due to "mistake, surprise or excusable neglect," but would only note that there is a substantial body of law interpreting this language in cases involving actions to set aside judgments under N.C.Gen.Stat. § 1A–1, Rule 60(b).

**2.** Under Fed.R.Civ.P. 69, the applicable state law for satisfaction of a judgment is that of the forum state. Therefore, the provisions of N.C. Gen.Stat. §§ 1C–1601 to 1604 govern the government's efforts to execute its judgment.

Sharp ordered the debtors to appear on October 26, 1982, for examination, and the Clerk of United States District Court issued notice of motion to set off the debtors' exempt property. Pursuant to North Carolina law, the notice contained a provision stating that the debtors had twenty days to respond.

On September 9, 1982, the debtors' attorney notified the Assistant United States Attorney that his clients would be filing for bankruptcy within the next ten days. Debtors did not file for bankruptcy within the next ten days, nor did they respond to the notice to set off exempt property within the mandated twenty-day period. On October 26, 1982, the debtors also failed to appear at the judgment debtor examination scheduled by Magistrate Sharp, who accordingly entered an order finding that the debtors had failed to appear and that they had failed to respond to the notice to set off exempt property. Magistrate Sharp concluded that the debtors had therefore waived their exemptions.[3]

Somewhat fortuitously, the debtors filed their petition in bankruptcy that very afternoon, accompanied by their claim for property exemptions. This action followed to determine the debtors' rights to assert exemptions in bankruptcy which had previously been waived under state law.

On April 8, 1983, Judge Wolfe ordered that the debtors' pre-petition waiver of their property exemptions would not be enforced for bankruptcy purposes. Judge Wolfe placed primary reliance on Section 522 of the Bankruptcy Code, ruling that selective waivers of exemption were not enforceable in bankruptcy.

### Discussion

■ Section 522 of the Bankruptcy Code provides that a debtor may exempt "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2). The clear language of the statute indicates that one must have an exemption valid under state law before one can assert it in bankruptcy. Since the debtors validly waived their exemptions before filing for bankruptcy, it would seem they could not revive them merely by filing a bankruptcy petition.

A recent Fourth Circuit case supports this conclusion. In *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982), the debtor had failed to properly file his homestead exemption as required by *Virginia* law. Three days after his defective filing, the debtor filed for bankruptcy and listed his homestead as exempt. The bankruptcy court permitted the exemption, but the Court of Appeals reversed. Judge Hall wrote:

> Morgan's position is contrary to the clear language of the Act. A debtor such as Morgan is entitled to exempt for bankruptcy purposes "any property that is exempt under ... State or local law." For property to be exempt under state or local law, it must be claimed as exempt in the manner prescribed by those laws. Thus, *the exemption conferred by the above-quoted language presupposes compliance with the pertinent state and local laws.*

*Id.* at 472 (emphasis added).

Judge Wolfe attempted to distinguish *Zimmerman* by focusing on the procedural aspects of the Virginia statute, which requires a pre-petition filing of exemptions for post-petition validity. North Carolina requires no pre-petition filing to preserve exemptions. Thus, Judge Wolfe reasoned that the debtors here had properly claimed their exemptions for bankruptcy purposes merely by filing their petition and *Zimmerman* did not apply. North Carolina does, however, require certain actions to preserve exemptions when a judgment creditor attempts execution. Failure to act here results in a valid waiver, as failure to file under Virginia law works a waiver there. It is this type of compliance with local law

---

**3.** Under N.C. Gen.Stat. § 1C–1601(c)(3), exemptions are waived by "[f]ailure to assert them after notice to do so."

which is the compliance required by *Zimmerman.*

A recent case reaches this precise conclusion. In *Norton v. Brokerage Oil Co.,* 30 B.R. 712 (Bankr.E.D.Tenn.1983), the creditor had obtained a judgment under Tennessee law against the debtor in September 1982. Execution was issued in November 1982 and again in January 1983. In January 1983, after the second issue of execution, the debtor filed the "Affidavit of Exemptions" required by Tennessee law. The applicable statute required, however, that this filing be made before execution was issued. The debtor's attempted filing was therefore ineffective, and his exemptions had been waived under state law. The debtor then filed for bankruptcy, and again claimed his exemptions. The bankruptcy court held that debtor had lost his right to claim his exemptions, because he had failed to "comply with the state mechanisms for claiming those exemptions." *Id.* at 715.[4] The debtor in *Norton,* as the debtor in the instant matter, failed to properly preserve his exemptions in a prior state-regulated proceeding. He cannot insulate himself from this failure by the expedient measure of filing a federal bankruptcy petition.

■ The *Norton* court did not address, however, the issue of selective waivers of exemptions in bankruptcy, which was the basis of Judge Wolfe's decision. That factor does not dictate a contrary result. Section 522(e) of the Bankruptcy Code states that "[a] waiver of exemptions executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title." As the language of this provision indicates, it is meant to avoid waivers made by contractual means. 3 Collier on Bankruptcy ¶ 522.07 at 522–28. Such waivers allow a debtor to unfairly favor one creditor over another, or to succumb to pressure by a powerful lender, and are therefore condemned by the Code. An exemption gained through operation of law does not have this effect and remains valid under § 522(e). *Id.*

■ While this court certainly finds laudable the "fresh start" the bankruptcy exemptions afford a debtor, a bankruptcy petition is not a cure for all ills. It cannot, for example, restore rights lost through the deliberate disregard of the orders of a United States Magistrate.[5]

■ This court therefore holds that the debtors' pre-petition waiver of their property exemptions is valid in a subsequent bankruptcy proceeding.[6] That waiver applies only to the claims of the United

---

4. The *Norton* court relied on the Sixth Circuit case of *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983), which cited *Zimmerman* for the proposition that debtors "must ... comply with the state mechanisms for claiming ... exemptions." *Id.* at 164. *Rhodes* upheld the constitutionality of Tennessee's "opt-out" statute substituting state exemptions for those outlined in the federal scheme. North Carolina has also opted-out of the federal exemption provisions. N.C. Gen. Stat. § 1C–1601(f).

5. Section 522(f) of the Code does not dictate a contrary result. That section reads:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien.

11 U.S.C. § 522(f). As ably pointed out by Judge Wolfe in *Clowney v. North Carolina Nat'l Bank,* 19 B.R. 349 (M.D.N.C.1982), three condi-

tions must be met before section 522(f) will apply. "First, the debtor must have some property. *Second, the debtor must be entitled to claim the property as exempt.* Third, a lien must exist which impairs the entitled exemption." *Id.* at 352. (emphasis added). The debtors in this case were not entitled to claim the property as exempt, having waived those exemptions under applicable state law.

6. An equally compelling route to the same conclusion can be found in a combined reading of Sections 541 and 522 of the Bankruptcy Code. Section 541 broadly dictates that "all legal or equitable interests of the debtor in property *as of the commencement of the case*" are part of the property of the estate. 11 U.S.C. § 541(a)(1). Exemptions are taken from what would otherwise be property of the estate. 11 U.S.C. § 522(b). Since the debtors herein had validly waived their exemptions before the filing of their petition, those exemptions could not have become the property of the estate and therefore could not have been exempted from the estate under Section 522.

States, as held by Judge Wolfe.[7] The order of the bankruptcy court will accordingly be REVERSED.

---

7. The court was able to find only one reported decision dealing with the scope of a waiver of exemptions. In *In re Kline's Estate*, 237 Iowa 1086, 24 N.W.2d 481 (1946), Kline had waived her right to an exemption in an automobile by reporting the proceeds from its sale as a part of the assets of the estate. The court held that as a result of this action, the property lost its exempt status as to all of the creditors of the estate. While *Kline* reaches a different result, it is easily distinguishable. No one creditor had prompted the action, while the waiver in the instant case was in response to the attempts of a single creditor to satisfy his judgment. To allow the benefits of the waiver to inure to the benefit of all creditors would, as Judge Wolfe pointed out, result in a windfall to them through no action of their own.