In re Raymond Arthur LAUGHING-HOUSE, SS#: 239–50–8530, Catherine D. Laughinghouse, SS#: 239–52–0684, Debtors.

Bankruptcy No. S–84–00338–4.

United States Bankruptcy Court,
E.D. North Carolina.

Nov. 29, 1984.

John W. King, Jr., New Bern, N.C., for Wachovia.

Daniel L. Hawkins, New Bern, N.C., for debtors.

Richard M. Stearns, Kinston, N.C., for trustee.

## MEMORANDUM OPINION AND ORDER DENYING OBJECTION TO EXEMPTIONS

A. THOMAS SMALL, Bankruptcy Judge.

This matter comes on to be heard upon the October 11, 1984 Objection to Debtors' Claim for Exemptions filed by Wachovia Bank and Trust Company, N.A. ("Wachovia"). Wachovia claims that Mr. and Mrs. Laughinghouse, the debtors, waived their right to claim exemptions in a state court proceeding prior to entry of an order for relief in this case.* Wachovia argues that the debtors' prior exemption waiver is binding on the debtors in this chapter 7 case and, therefore, that the debtors' claim for exemptions must be denied. A hearing was held in Raleigh, North Carolina on October 29, 1984.

### FACTS

On September 17, 1982, Wachovia filed a complaint in Craven County North Carolina Superior Court against the debtors for amounts due on an open line of credit and two promissory notes. After filing an answer, the debtors filed a joint chapter 11

---

* Wachovia, Branch Banking and Trust Company, and the trustee also objected that some of the debtors' exemption claims are not based on the true value of the property claimed as exempt. On November 23, 1984, the court entered an order that the property covered by the objectionable claims be sold by the trustee, and that the trustee pay the debtors the proceeds of the sale not to exceed the allowable exemption value of the property sold.

petition on December 9, 1982 staying the state court action. On May 23, 1983, the bankruptcy court held a hearing on Branch Banking and Trust Company's motion for conversion or dismissal in Wilson, North Carolina. The court entered an order on May 31, 1983 dismissing the debtors' chapter 11 case pursuant to 11 U.S.C. § 1112(b), noting that the debtors' attorney did not appear at the hearing. On August 26, 1983, the same attorney failed to appear or file an affidavit in state court on behalf of the debtors and contest a motion for summary judgment filed by Wachovia. The state court granted Wachovia's motion, and an order was entered and docketed awarding Wachovia $33,758.02 plus interest and $4,275.00 for attorney fees.

Subsequently, notice was served pursuant to N.C.G.S. § 1C–1603(a)(4) on both Raymond Laughinghouse (on October 20, 1983) and Catherine Laughinghouse (on October 31, 1983) of their right under North Carolina law to claim exempt property. The debtors contacted the same attorney who had represented them in the prior bankruptcy and state court proceedings seeking his assistance in asserting their rights. This attorney was undoubtedly familiar with their circumstances. The debtors' testimony further shows that when they consulted with their attorney, they showed him their notices and were assured that the attorney would take care of the matter for them. Mrs. Laughinghouse testified that she attempted to no avail to contact her attorney on several occasions concerning the matter. Nevertheless, the debtors failed to respond to the notices within twenty days as required by N.C.G.S. § 1C–1603(a)(4), and on January 23, 1984, an order was entered by the Craven County Assistant Clerk of Superior Court declaring that the debtors had waived their exemptions. Thereafter, execution was issued to the Craven County Sheriff on January 23, 1984 ordering him to execute on the debtors' property. There is no evidence that any of the debtors' property was seized under execution.

On February 28, 1984, the debtors filed a second joint petition under chapter 11 staying any further execution actions. The debtors' case was converted to a case under chapter 7 on July 13, 1984, and on September 11, 1984, the debtors filed their claim for exemptions.

Wachovia now objects to the debtors' claimed exemptions arguing that, because of the January 23, 1984 state court order declaring that the debtors had waived their exemptions, the debtors' claim of exemptions in this bankruptcy proceeding should be denied.

## DISCUSSION AND CONCLUSIONS

Section 522(b)(2)(A) of the Bankruptcy Code provides that a debtor may exempt, "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...." This statutory language clearly indicates that, in states like North Carolina which have elected to "opt out" of the 11 U.S.C. § 522(d) exemption provisions, debtors may only claim state exemptions if the exemptions are both allowable and properly claimed under applicable state law. *Matter of Flake*, 32 B.R. 360, 362 (Bkrtcy.W.D.WI 1983); *In re Moore*, 30 B.R. 197, 198 (Bkrtcy.D.MD 1983); *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982); *In re Norton*, 30 B.R. 712 (Bkrtcy.E.D.TN 1983); *In re Berry*, 33 B.R. 351 (Bkrtcy.W.D.N.C. 1983); *In re Simmons*, 27 B.R. 508 (Bkrtcy.W.D.VA 1983); *In re Cappetta*, 33 B.R. 755 (Bkrtcy.E.D.VA 1983); *U.S. v. Scott*, 45 B.R. 318 (D.M.D.N.C.1984). Allowance of the exemptions conferred by 11 U.S.C. § 522(b)(2) presupposes compliance with pertinent state and local laws. Failure to comply with applicable state and local laws may result in loss of ones' exemptions. *Zimmerman* at 472; *Norton* at 715; *Scott*, *supra*.

North Carolina law provides that exemptions may be waived under certain circumstances including failure to assert them after notice to do so. N.C.G.S. § 1C–1601(c)(3) provides:

(c) Waiver.—The exemptions provided in this Article and in Sections 1 and 2 of Article X of the North Carolina Constitution, cannot be waived except by:

. . . . .

(3) Failure to assert the exemption after notice to do so pursuant to G.S. § 1C–1603. The clerk or district court judge may relieve such a waiver made by reason of mistake, surprise or excusable neglect, to the extent that the rights of innocent third parties are not affected.

Once a debtor validly waives his exemptions by failure to act after being given both notice and an opportunity to claim them, as required by state law, the exemptions cannot be revived merely by filing a bankruptcy petition. A debtor's failure to properly preserve his exemptions by not complying with the requirements of exemption laws in a prior state regulated proceeding will be fatal to the debtor's later claim of exemptions in bankruptcy. *Scott, supra.; See also, In re Berry,* 33 B.R. 351, 354 (Bkrtcy.W.D.N.C.1983).

■ Both debtors in this action were given proper notice of their right to claim exempt property in October, 1983. That notice clearly stated that if the debtors failed to respond within 20 days after receipt of the notice, they could lose valuable rights (here their right to claim exemptions). *See* N.C.G.S. § 1C–1601(c)(3), *supra.* It is undisputed that the debtors failed to respond to the notice. Two months after the time for response had expired, the state court filed an order finding a waiver of the debtors' exemptions. The debtors' failure to comply with the requirements of state law governing the allowance of exemptions has, in fact, resulted in the waiver of the debtors' right to claim exemptions. This court's inquiry, however, does not end here.

North Carolina courts and the North Carolina Legislature have recognized that the waiver of exemptions may result in harsh consequences to debtors, and the waiver issue is not one to be taken lightly. The courts have held that the exemption laws in North Carolina must be liberally construed in favor of the debtor. *In re Love,* 42 B.R. 317 (Bkrtcy.E.D.N.C.1984); *Hyman v. Stern,* 43 F.2d 666 (4th Cir.1930); *Goodwin v. Claytor,* 137 N.C. 224, 236, 49 S.E. 173 (1904); *Elmwood v. Elmwood,* 295 N.C. 168, 185, 244 S.E.2d 688 (1978). In N.C. G.S. § 1C–1601(c), *supra.,* the Legislature specified that exemptions may not be waived, with three exceptions. One of those exceptions is failure to properly assert the right to exemptions. But, the Legislature further provided that a waiver by failure to act may be relieved by the court if made, "by reason of mistake, surprise or excusable neglect, to the extent that the rights of innocent third parties are not affected." N.C.G.S. § 1C–1601(c)(3).

Although the court could find no reported decisions interpreting "mistake, surprise or excusable neglect" in the context of N.C.G.S. § 1C–1601(c)(3), there is a substantial body of case law interpreting the same language in actions to set aside judgments under N.C.G.S. § 1A–1, Rule 60(b). The two leading cases are, *Moore v. Deal,* 239 N.C. 224, 79 S.E.2d 507 (1954), and *Norton v. Sawyer,* 30 N.C.App. 420, 227 S.E.2d 148 (1976), *cert. den.,* 291 N.C. 176, 229 S.E.2d 692 (1976). In both opinions, the courts set forth the general principles of law governing when relief will be granted to a litigant from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."

The client will ordinarily not be charged with the inexcusable neglect of his attorney so long as the client has exercised proper care. Proper care is defined as giving such attention to the matter as a person of ordinary prudence would give to his important business, and the burden is upon the one seeking relief to show that he exercised such care. *Moore,* 239 N.C. at 227, 79 S.E.2d 507; *Norton,* 30 N.C. at 423–24, 227 S.E.2d 148.

In considering granting relief from a court order finding the waiver of exemptions by failure to act, the court must focus on the litigant's excusable neglect, not the attorney's. The negligence of the attor-

ney, in attending to his clients' case, although inexcusable, may still be cause for relief. *Moore,* 239 N.C. at 227, 79 S.E.2d 507; *Norton,* 30 N.C. at 423, 227 S.E.2d 148. An attorney's neglect will not be imputed to his client unless the client is guilty of inexcusable neglect. *Kirby v. Contracting Co.,* 11 N.C.App. 128, 180 S.E.2d 407 (1971).

How diligent must the clients be for their neglect to be found excusable? They must employ an attorney who is reputable, skilled, competent, and licensed to practice in the state. The attorney must be one upon whom the debtors may reasonably rely to ably represent them and to protect their interests. *Moore,* 239 N.C. at 227, 79 S.E.2d 507; *Norton,* 30 N.C. at 423, 227 S.E.2d 148. Although there is evidence that the debtors' attorney failed to appear on their behalf at two hearings, that one hearing resulted in dismissal of the debtors' chapter 11 case, and that the other resulted in an entry of summary judgment against the debtor, these facts alone are not sufficient to warrant a finding that the debtors' reliance on their attorney to respond to the notices to claim exemptions was unreasonable.

The courts also recognize that upon employing counsel the debtors may not completely abandon their case. In most of the cases reported denying relief for reasons of the client's inexcusable neglect, the client made no inquiry whatsoever into the lawsuit once the matter was turned over to the attorney. *Meir v. Walton,* 2 N.C.App. 578, 163 S.E.2d 403 (1968); *Whitaker v. Raines,* 226 N.C. 526, 39 S.E.2d 266 (1946); *Howard v. Williams,* 40 N.C.App. 575, 252 S.E.2d 571 (1979). Relief has also been denied where the client did not place the matter in an attorney's hands until after default judgment was entered. *Milk v. Clark's Greensboro, Inc.,* 260 N.C. 676, 133 S.E.2d 517 (1963); *Boyd v. Marsh,* 47 N.C.App. 491, 267 S.E.2d 394 (1980); *State v. Mitchell,* 64 N.C.App. 202, 306 S.E.2d 857 (1983).

In cases allowing relief from judgments pursuant to N.C.G.S. § 1A–1, Rule 60(b)(1), the courts have pointed out that where the client shows some diligence, and there is no evidence of the type of inexcusable neglect found in the cases heretofore mentioned, relief will be granted. This is because, "the law does not demand that a litigant in effect be his own attorney, when he employs one to represent him." *Dishman v. Dishman,* 37 N.C.App. 543, 246 S.E.2d 819 (1978); *Norton, supra.* A nonlawyer is not supposed to know the technical steps of a lawsuit and cannot be expected to know what allegations must be pled to prove those facts which the nonlawyer client relates to his attorney. *Moore, supra.; Wood v. Wood,* 297 N.C. 1, 252 S.E.2d 799 (1979). Furthermore, the court must keep in mind that exemption laws must be liberally construed in the debtors' favor in North Carolina. *Love, supra.; Hyman, supra.; Goodwin, supra.; Elmwood, supra.*

In *Hodge v. First Atlantic Corp.,* 6 N.C. App. 353, 169 S.E.2d 917 (1969) the defendant employed competent counsel in apt time and supplied all the information necessary for counsel to file an answer. An answer was never filed, and the Court of Appeals affirmed the setting aside of a default judgment holding that, since the attorney had all the information necessary to answer, it was not necessary that the defendant have any further contact with its attorney or inquire of progress in the case. A finding of excusable neglect was warranted.

In *Zum v. Ford,* 1 N.C.App. 494, 162 S.E.2d 111 (1968), the defendant took the complaint and summons in a personal injury suit to his attorney who had previously represented the defendant in another suit arising out of the same cause of action. The attorney agreed to represent the defendant and to protect his interests. The attorney then mailed the suit papers to the defendant's insurance carrier with a cover letter. No answer or other pleading was filed on the defendant's behalf, and as a result, default judgment was entered against the defendant. The court granted relief from the judgment holding that the defendant did all that could reasonably be

expected of him. The attorney was familiar with the facts surrounding the case and the defendant delivered the suit papers to his attorney as soon as he received them; he was justified in relying on his attorney to protect his interests. This case is similar to the case now before the court.

In this case, the debtors acted prudently and diligently in seeking advice on claiming their exemptions after receiving notice to do so. Their reliance on their attorney to file a proper and timely response to the notice was not misplaced, and they had good reason to believe that they had supplied him with the information necessary to act on their behalf. Despite evidence that the attorney failed to appear on the debtors' behalf at two prior hearings, the attorney was apparently licensed and sufficiently skilled and competent to complete the task. Considering all these facts, the fact that exemption laws are to be liberally construed in the debtors' favor, and that the standard for granting relief in the cases where the courts have considered setting aside judgments because of excusable neglect must be stricter than the standard to be applied in considering relief from a waiver of exemptions; the court finds that the debtors' waiver of exemptions was the result of excusable neglect, and therefore, the debtors should be relieved from their waiver and be allowed to claim their exemptions in this case. The court further finds that, since third parties may not be harmed by an order granting such relief, Wachovia will be entitled to recover costs it incurred, not including attorney fees, in connection with the execution issued to the Craven County Sheriff on January 23, 1984. Accordingly,

IT IS HEREBY ORDERED that Wachovia's Objection to Debtors' Claim for Exemptions is DENIED; and

IT IS FURTHER ORDERED that the debtors be relieved from the January 24, 1984 order of Craven County Superior Court declaring that the debtors have waived their exemptions, and be allowed to claim their exemptions in this case pursuant to 11 U.S.C. § 522(b)(2), and

IT IS FURTHER ORDERED that Wachovia be allowed costs it incurred in connection with the execution issued to the Craven County Sheriff on January 23, 1984, not including attorney fees.