**In re James O. McLAMB, Sr., SS#: 246–60–9379, Lunette P. McLamb, SS#: 245–64–2799, Debtors.**

**Bankruptcy No. 88–02062–SN5.**

United States Bankruptcy Court, E.D. North Carolina.

Nov. 29, 1988.

Ocie F. Murray, Fayetteville, N.C., for debtors.

Mark C. Kirby, Raleigh, N.C., for Federal Land Bank and South Atlantic Production Credit Ass'n.

Holmes P. Harden, Raleigh, N.C., for trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Objection to Claim of Exemptions and Motion for Relief from Stay" filed on October 27, 1988, by the Federal Land Bank of Columbia ("Land Bank") and South Atlantic Production Credit Association ("PCA"). After proper notice, a hearing was held in Raleigh, North Carolina, on November 21, 1988. Several days before that hearing, the debtors filed a motion to avoid liens held by the Land Bank and PCA pursuant to 11 U.S.C. § 522(f) and the parties consented to having that matter heard at the hearing held on November 21.

The issue in this case is whether the debtors are entitled to claim an exemption of up to $15,000 in their residence located in Johnston County, North Carolina, pursuant to 11 U.S.C. § 522(b) and N.C.GEN. STAT. § 1C–1601(a)(1). It is undisputed that the Land Bank obtained a judgment against the debtors in North Carolina state court on January 9, 1987, in the amount of $267,290.87 plus attorney's fees in the amount of $40,334.32 and that PCA obtained a judgment against the debtors that same date in the amount of $308,451.98 plus attorney's fees in the amount of $41,-283.38. It is also stipulated that those judgments were subsequently docketed in Johnston County, North Carolina, and transcribed to New Hanover County, North Carolina, thereby creating a judgment lien upon the debtors' real property located in those counties. Executions on the Land Bank's and PCA's judgments were issued against the debtors' property in Johnston County on February 10, 1988. Those executions were admitted into evidence without objection and contained the following typed language under the heading "Additional Order for Satisfying Judgment": "Waiver of exemptions pursuant to GS 1C–1603(e)(2)." [1]

Two "notices of right to have exemptions designated" addressed to the debtors were marked as exhibits, but never introduced into evidence. Mr. McLamb testified at the hearing held on November 21, 1988, that, to the best of his knowledge, he had never seen those exhibits before. He further testified that he did not know if they had been served on him. Mr. McLamb testified that he took all documents he received in relation to the Land Bank and PCA judgments to an attorney who was representing him. Mr. McLamb testified that he did not know if his attorney filed any claim of exemption on his behalf within the time limit specified in the notices of right to have exemptions designated. The debtors filed their petition for relief under chapter 7 of the Bankruptcy Code on September 12, 1988, shortly

---

1. The execution with respect to the judgment in favor of PCA refers to "GS 1C–1603(2)(e)", instead of N.C.GEN.STAT. § 1C–1603(e)(2), but this is clearly an unintentional error. There is no N.C.GEN.STAT. § 1C–1603(2)(e).

before a sheriff's sale of their Johnston County property was scheduled to be held.

The motion filed by the Land Bank and PCA requests that the debtors' claims of exemption with respect to their real property in Johnston County be denied and that the stay be lifted so that the property on which the Land Bank and PCA hold judgment liens may be sold to satisfy those judgments. The debtors do not resist having the stay lifted with respect to their real property in New Hanover County. With respect to the property located in Johnston County, the debtors concede that they would have no equity in that property if their claims of exemption are disallowed and that there would then be no basis for not allowing the stay to be lifted.

■ The Bankruptcy Code permits a debtor to choose between the federal bankruptcy exemptions set forth in 11 U.S.C. § 522(d) and the exemptions provided by applicable state and federal nonbankruptcy law unless applicable state law expressly denies debtors that choice. 11 U.S.C. § 522(b). If a state "opts out" of the § 522(d) exemptions, as has North Carolina, the debtors in that state are limited to the exemptions provided by state law and federal nonbankruptcy law. *See In re Laughinghouse,* 44 B.R. 789 (Bankr.E.D.N. C.1984).

The Land Bank and PCA contend that the debtors have no valid exemption rights in their Johnston County residence because of their failure to respond to the notices of right to have exemptions designated. Under the North Carolina exemption statutes, a debtor "waives" his exemptions if he fails to assert them within twenty (20) days after a judgment creditor has caused a notice to designate exempt property to be served upon the debtor. N.C.GEN.STAT. §§ 1C–1601(c)(3) and 1C–1603(a)(4) and (e)(2).

■ An initial question to be addressed is, if the debtors waived their exemption rights under North Carolina law by failing to file a timely response to the notices of right to have exemptions designated, is that waiver enforceable for bankruptcy purposes? That issue was addressed in *United States v. Scott,* 45 B.R. 318 (M.D.N. C.1984), in which, as in the present case, the debtors failed to respond within twenty days of receipt of a notice to claim exempt property and then subsequently filed for bankruptcy. The district court reversed the bankruptcy court's holding that the debtors' prepetition waiver of their property exemptions, although a valid waiver under state law, was not enforceable in bankruptcy. The district court cited *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir. 1982), for the proposition that, because § 522 of the Bankruptcy Code only entitles a debtor to exempt for bankruptcy purposes property that is exempt under state or local law, the exemption available under § 522 only extends to property which is claimed as exempt *in the manner prescribed by state or local law.* Because the debtors had failed to take the actions required by North Carolina law to preserve exemptions after the notice to claim exempt property was issued, the district court held that the debtors could not revive those lost exemptions by filing for bankruptcy. The court in *Scott* held that § 522(e), which states that "[a] waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title," is applicable only to contractual waivers and has no effect on a procedural waiver. See 3 L. King, *Collier on Bankruptcy* ¶ 522.07 (15th ed. 1988). The court also held that § 522(f),[2] which authorizes a debtor, *notwithstanding any waiver of exemptions,* to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that the lien impairs an exemption to which the debtor would have been entitled under state law, could not be used to save the debtors' exemptions because they were not entitled to those exemptions un-

---

**2.** 11 U.S.C. § 522(f), in pertinent part, reads as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien.

der state law by virtue of their failure to respond to the notice to claim exempt property.

In *In re Laughinghouse*, 44 B.R. 789 (Bankr.E.D.N.C.1984), this court cited *Scott* with approval for the proposition that bankruptcy debtors may only claim state law exemptions if the exemptions are properly claimed and preserved under applicable state law, and this court continues to believe that this holding is sound.[3] However, a subsequent decision of the Fourth Circuit Court of Appeals in *Dominion Bank of Cumberlands, NA v. Nuckolls*, 780 F.2d 408 (4th Cir.1985), raises some question as to the continued precedential value of *Scott*. In *Nuckolls*, the debtors had executed a prepetition loan agreement which contained a provision in which the debtors waived any right to claim homestead exemptions under Virginia law as to the collateral securing the loan. The Fourth Circuit held that the waiver, although valid under Virginia law, was ineffective in the debtors' bankruptcy case based upon the language of § 522(f) which authorizes debtors to avoid certain liens to the extent they impair their state law exemption rights "notwithstanding any waiver of exemptions." At the conclusion of a paragraph in which the Fourth Circuit cited cases which it said contained "dicta" to support its holding, the Fourth Circuit stated the following: *"But see United States v. Scott*, 45 B.R. 318, 321 n. 5 (M.D.N.C. 1984) (procedural waiver of exemption, by failure to respond to notice to set off exempt property, could not be escaped by asserting avoiding power of section 522(f))." *Id.* at 413.

For several reasons, this court does not interpret *Nuckolls* as overruling the holding in *Scott* that a prepetition procedural waiver of exemption rights remains effective in bankruptcy. First, the facts of *Nuckolls* are clearly distinguishable from those in *Scott* since *Nuckolls* involved only a contractual waiver. Thus, any statements in *Nuckolls* with respect to *Scott's* holding on the effect of procedural waivers constitutes no more than dictum. This conclusion is supported by the fact that the only reference to *Scott* in *Nuckolls* appears at the conclusion of a paragraph which first listed cases containing dicta to support the Fourth Circuit's holding. The Fourth Circuit's reference to *Scott* may have been prompted by arguably overly broad language in *Scott* suggesting that any waiver of exemptions which would be effective under state law, even a contractual waiver, would remain effective in bankruptcy.[4] In other words, the *Nuckolls* court responded to dictum in *Scott* with dictum of its own.

The *Nuckolls* opinion also states that the legislative history of § 522(f) demonstrates that the "notwithstanding any waiver" language of that section was aimed at preventing *agreements* by debtors to waive their exemption rights from being effective in bankruptcy. In view of that history, this court does not believe that the Fourth Circuit, upon full consideration of the issue, would apply the waiver exclusion language of § 522(f) to procedural waivers. The definition of "waiver" for purposes of § 522(f) should be limited to agreements by debtors to waive their exemption rights. The failure to comply with the state law requirements for claiming an exemption may be called a waiver or it may merely be called a failure to observe proper procedures. For instance, in *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982), the court considered the effect of the debtor's prepeti-

---

3. The court is aware of another decision from the same court, *In re Howell*, 51 B.R. 1015 (M.D.N.C.1985), in which the court held, without citing *Scott*, that a prepetition waiver of exemptions under N.C.GEN.STAT. § 1C–1603(e)(2) was ineffective in the debtor's bankruptcy case. The holdings in *Scott* and *Howell* are diametrically opposed, but this court agrees with the result in *Scott*.

4. *Scott*, 45 B.R. at 321 n. 5, states the following:

As ably pointed out by Judge Wolfe in *Clowney v. North Carolina Nat'l Bank*, 19 B.R. 349 (M.D.N.C.1982), three conditions must be met before section 522(f) will apply. "First, the debtor must have some property. *Second, the debtor must be entitled to claim the property as exempt.* Third, a lien must exist which impairs the entitled exemption." *Id.* at 352. (emphasis added). The debtors in this case were not entitled to claim the property as exempt, having waived those exemptions under applicable state law.

tion failure to claim a homestead exemption in the manner required by Virginia statutory law in order for that exemption to be effective. The failure to observe those procedural requirements is not labeled a waiver under the applicable Virginia statute. The Fourth Circuit held that the debtor was precluded from claiming the homestead exemption in bankruptcy because of the debtor's failure to claim the exemption in the manner prescribed by state law. This court does not believe that the Fourth Circuit would reach a different result or that a different result would be warranted if the Virginia statute described the failure to comply with the procedural requirements for claiming the homestead exemption as a waiver and the debtor was attempting to preserve that exemption by avoiding a judgment lien under § 522(f).[5]

This court therefore concludes that the holding in *Scott* is still good law and that the debtors in this case may not claim exemption rights in bankruptcy which they would not be entitled to under state law because of their failure to comply with state law procedural requirements.

■ The debtors argue that the evidence fails to show that they are not entitled to claim their exemption rights under North Carolina law. In support of this contention, the debtors point to Mr. McLamb's testimony that, to the best of his knowledge, he had never seen the notices of right to have exemptions designated prior to the hearing held on November 21, 1988. Mr. McLamb further testified that he did not know if those notices had been served upon him. The executions issued against the debtors' property in Johnston County state that the debtors had waived their exemptions pursuant to N.C.GEN.STAT. § 1C–1603(e)(2). Based on those executions, the court finds that the debtors failed to timely respond to properly served notices to designate exemptions. Mr. McLamb's testimony that he does not know if he received service of those notices is not sufficient to convince the court that he was not served.

■ In *In re Laughinghouse*, 44 B.R. 789 (Bankr.E.D.N.C.1984), this court recognized that under North Carolina law a waiver of exemptions by failure to act may be relieved because of "mistake, surprise or excusable neglect", N.C.GEN.STAT. § 1C–1601(c)(3), and further held that the bankruptcy court had authority to grant such relief. In order to establish excusable neglect, the debtors have the burden of showing that they gave such attention to the matter as a person of ordinary prudence would give to his important business. *Laughinghouse*, 44 B.R. at 791. In most North Carolina cases denying relief because the party's neglect was inexcusable, the party made no inquiry after turning the matter over to his attorney. *Id.* at 792. In the present case, the court finds that Mr. McLamb's testimony that he turned all documents he received in relation to Land Bank and PCA judgments over to his attorney is insufficient to establish grounds for relief from the procedural waiver. The present case is distinguishable from *Laughinghouse* where evidence was presented that the debtors were assured that their attorney would claim their exemptions for them and that the debtors had subsequently unsuccessfully attempted to contact their attorney on several occasions concerning the matter. Accordingly,

IT IS HEREBY ORDERED that the automatic stay is modified to permit the Federal Land Bank of Columbia and South Atlantic Production Credit Association to proceed with the execution upon the debtors' real property located in Johnston and New Hanover Counties, North Carolina, and the sheriffs of such counties are hereby authorized to complete execution against and sale of that property; and

IT IS FURTHER ORDERED that the objection of the Federal Land Bank of Columbia and South Atlantic Production Cred-

---

**5.** *Zimmerman* did not involve lien avoidance under § 522(f). There appears to be no logical reason why procedural waivers of exemption rights should be ineffective when § 522(f) liens are involved and effective when they are not, thereby making it more difficult for a lienholder than an unsecured creditor to collect from potentially exempt property. Yet, that would be the apparent result if *Nuckolls* is interpreted as overruling the holding in *Scott*.

it Association to the debtors' claim of exemption is ALLOWED; and

IT IS FURTHER ORDERED that the debtors' motion to avoid the liens of the Federal Land Bank and South Atlantic Production Credit Association is DENIED.